## GRESHAM *v.* THE STATE.

The evidence in this case, upon which a verdict of guilty was rendered, was entirely circumstantial, and was not sufficient to exclude every reasonable hypothesis other than that of the defendant's guilt; and it was error to deny him a new trial upon motion therefor duly made.

No. 2021.   NOVEMBER 11, 1920.

Indictment for murder. Before Judge Park. Greene superior court. March 16, 1920.

*J. G. Faust,* for plaintiff in error.

*R. A. Denny, attorney-general, Doyle Campbell, solicitor-general,* and *Graham Wright,* contra.

BECK, P. J. Under the evidence in this case the court feels constrained to reverse the judgment of the court below denying a new trial. The reversal is based upon the only ground in the motion for a new trial insisted upon,— that the verdict is without evidence to support it. The accused was indicted for the offense of murdering his wife, and here is in substance the evidence upon which the verdict is predicated: The accused and his wife attended a party at the home of one Matilda Dobbins on the night of December 28. On the next morning the defendant, at an early hour, informed various witnesses that his wife was dead, that some one had shot her; and the parties thus informed of the homicide went to his house. The one first arriving found the decedent lying on the floor, and the shotgun which belonged to the accused was on the floor near her. A witness introduced for the State testified that the accused and his wife Sylvia left the party the evening before the homicide, in a good humor. The accused in his statement said that after leaving the party and going with his wife a part of the way home, he decided to go to a neighbor's to take part in a " skin game." When he arrived at the house where the " skin game " was supposed to be in progress, there were no lights in the house, and he went back to his home and there found his wife dead or lying in a dying condition from the effects of a gunshot wound in the head. He went out immediately and informed two or three people of the circumstances. The evidence is entirely circumstantial, and is not sufficient to exclude every reasonable hypothesis other than that of the defendant's guilt. There is absolutely no evidence in the record even tending to show motive. There is some hearsay evidence of a misunderstanding between the accused and his wife, a month before the homicide; but this evidence is without probative value, and it is so vague that it does now show, even if it could be accepted, whether the misunderstanding was of a serious nature or not. One witness for the State testified that when he got to the house the gun referred to was on a rack

over the door; and the witness further stated that the accused said it was loaded when he got there. This witness also testified that the accused stated that he found the gun lying by the body when he came back. Another witness for the State, who apparently arrived on the scene before the witness last referred to, testified that the gun was on the floor. When the last witness arrived at the house of Blake Gresham, where the decedent was then in a dying condition, the accused was there manifesting every sign of grief, and was walking up and down the floor. The first witness who testified for the State said that the gun, which was a single-barrel shotgun, was loaded. We find in all this no evidence authorizing the conviction. The theory of the defense was that the decedent had committed suicide. Whether this is true or not no one can tell. Of course, if the gun was loaded, that fact was a somewhat suspicious circumstance, but it creates a suspicion merely. And how easy it would be for one seeing an empty shell of a gun to conclude, without close examination, that the shell was loaded. If the accused is actually guilty, it is not improbable that evidence more strongly indicating his guilt may be found. The evidence produced on the trial is not sufficient to authorize a verdict which sends this man to the penitentiary for life.

*Judgment reversed. All the Justices concur.*