*Titus, Altman & Johnson,* contra.

18805. PETERS *v.* THE STATE.

WYATT, Presiding Justice. S. F. Peters was charged in Newton Superior Court with the crime of murder. The jury upon the trial returned a verdict of guilty with a recommendation to mercy. His motion for new trial was duly denied. The exception here is to that judgment. The evidence adduced by the State showed substantially as follows: The defendant and the deceased were living together apparently as man and wife. On the night of the alleged crime, H. M. Knight was spending the night in the home of the defendant and deceased. After they had all retired for the night, several men drove into the yard singing and rather boisterous in their conduct, banged on the door, and asked to be let into the house. The deceased asked them to leave, telling them they could not come in. The defendant knew that Knight had a pistol in the room in which he was sleeping. He went into the room, awakened Knight and borrowed his pistol, stating that he was going to run off the crowd in the yard. He went back into the room where he and the deceased were sleeping. The men in the yard at about this time quieted down. Some ten or fifteen minutes later, another car came into the yard and they became noisy again. A pistol shot was heard in the room where the defendant and the deceased were sleeping. Almost immediately the light was turned on, the defendant opened the door leading into the yard and said that Rosa had shot herself, and asked the men in the yard to come into the house and help him. They, including the defendant, immediately carried the deceased to the hospital where she very shortly died from a pistol shot just behind her ear. There were no powder burns on her body. Knight testified that the only thing he heard said by either the deceased or the defendnat was about five min-

utes before the shot was fired, when he heard the deceased say, "Quit"; and that from the sound of her voice she did not seem to be excited or scared. The sheriff testified that all of the men who carried the woman to the hospital, including the defendant, stated that the deceased shot herself. He stated that some days later the defendant said, "I didn't tell you she shot herself. I said, 'she has been shot.'" However, he said that he did not say how she got shot. The above is all of the material evidence adduced by the State. The defendant in his statement said, "On Saturday afternoon around 6 o'clock, I borrowed Knight's car and went to the store to get groceries, and we came back around 7 o'clock, maybe 7:15, and had supper, and we sat around and talked awhile, and I went to bed around 10:30, and after a while, around 12:30, or approximately 12:30, or something like that, I went to sleep, and after 12:30 they woke me up out there arguing, and they kept arguing, and I went in and borrowed Knight's gun and came back in the room and they got quiet. So I laid across the bed, and I laid the gun on the bed, and I said, 'Somebody got the gun.' And she said, 'I did.' She reached and got it, and I was trying to grab the gun out of her hand and the gun fell and went off. So I jumped up and saw she was shot. I didn't know anything about giving her first aid. I saw she was shot, and I saw, unless somebody did something for her, get her to a doctor, or something, I had to do it quick, so I jumped up and we carried her to the hospital in Ryder's car. That is all I know about it. I know I didn't shot her." *Held:*

In order for a conviction to be affirmed in this case, it must appear that the evidence measures up to the rule laid down in Code § 38-109, which reads as follows: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." This is true because the evidence is entirely circumstantial. We do not believe the evidence in this case measures up to the rule of law laid down in the above-quoted Code section. The evidence shows no bad feeling, no threats, no argument between the parties, in fact no reason why the defendant should want to kill the deceased. Of course, if the evidence was clear that the defendant actually fired the shot that resulted in the death of the deceased, the law would supply both motive and malice; but the evidence in this case does not disclose beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis, that the defendant fired the shot. To our minds, the contentions of the defendant are just as reasonable as those of the State. This being true, the evidence was not sufficient to authorize the verdict of guilty. In this connection, see *Reynolds* v. *State,* 170 *Ga.* 810 (154 S. E. 229); *Gresham* v. *State,* 150 *Ga.* 668 (104 S. E. 629); *Lee* v. *State,* 76 *Ga.* 498. In view of the rulings here made, it becomes unnecessary to pass upon the remaining assignments of error.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 10, 1955—DECIDED FEBRUARY 16, 1955.

*Ballard & Epstein, W. D. Ballard,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.