## 30108. PINSON v. THE STATE.

INGRAM, Justice.

The defendant was convicted of murder and sentenced to life imprisonment in the Superior Court of Coweta County. He appeals directly to this court from the conviction and bases his appeal solely upon the general grounds of a motion for new trial.

The deceased, Alonzo Hill, was last seen by his father two days before Thanksgiving Day in 1974. The father reported him as missing to the Sheriff's Department during the first week in December. The chief deputy sheriff subsequently found the deceased's automobile at

the Atlanta Airport and later found the parking ticket for it in appellant's home in Coweta County. The chief investigator for the sheriff testified that he obtained a search warrant and went to appellant's home. The deceased's father had recalled that his son told him appellant owed him some money and he was going there to collect it.

When the investigator and other officers visited appellant's home with the search warrant, appellant told them they would find something inside a covered well on his property and he would tell them about it at their office. They returned to the sheriff's office with appellant and, after being advised of his rights, appellant gave them a statement.

Appellant said in his statement that the deceased came to his house and wanted to gamble. Appellant left and went to the Luthersville Bank to cash a check, returning home some two hours later. Meanwhile, the deceased, who had also left the house earlier, returned with two of his friends, "Smitty" and "Joe," whom appellant did not know. All four men went inside appellant's house and started gambling. After a while, appellant left the room where the four of them were gambling to go in the kitchen for the purpose of checking on some food he was cooking. As appellant was re-entering the room where he had left the other three men, he saw "Smitty" shoot the deceased in the throat with appellant's single shot shotgun. Both the other men threatened to kill appellant if he did not help them dispose of the body. All three of them then took the deceased's body outside and threw it down the well. Appellant and the other two men took the deceased's car to the Atlanta Airport parking lot and left it.

The chief deputy related appellant's statement to the jury and also testified that the deceased was a gambler and associated with people who gambled. The state and the defense stipulated that the deceased died as a result of gunshot wounds. Efforts were made to locate "Smitty" and "Joe" by the sheriff's office to no avail. Appellant was unable to furnish any last names for the two men and various people in the area who were questioned about them knew nothing of them.

.   The appellant testified in his own behalf at the trial and gave substantially the same version of the homicide as that contained in his statement at the sheriff's office. He did admit the shotgun was his and said he heard an argument before he re-entered the room and saw "Smitty" holding it over the deceased's body. Appellant also said "Smitty" and "Joe" threatened his life and that of his girl friend, that he was scared of them and they forced him to help place the deceased's body in the well.

This was basically the evidence presented at trial and the jury found appellant guilty of murder after considering it. We confront in this direct appeal the legal sufficiency of the evidence to sustain the jury's verdict. The state argues in its brief that, although the evidence is circumstantial, it is sufficient if it excludes every reasonable hypothesis except the guilt of the accused and that it need not remove every possibility of his innocence. *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488). The appellant has no quarrel with the rule relied upon by the state but insists that a proper application of it to the evidence in this case requires the conviction be set aside.

In order for a conviction to be affirmed in this case, it must appear that the evidence measures up to the rule laid down in Code § 38-109, which reads as follows: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

While the evidence certainly would not demand the verdict of guilty reached by the jury, we do not agree that it failed to exclude every reasonable hypothesis except the guilt of the appellant. It was not necessary for the state to prove that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another. See, *Eason v. State,* supra, p. 842. We hold the evidence is legally sufficient to authorize the jury's verdict. Cf. *Peters v. State,* 211 Ga. 370, 371 (86 SE2d 106).

*Judgment affirmed. All the Justices concur.*

Submitted June 30, 1975 — Decided September 16, 1975.

*Sidney Pope Jones, Jr.,* for appellant.

*Eldridge W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, G. Thomas Davis, Staff Assistant Attorney General,* for appellee.