## 58959. BALDWIN v. THE STATE.
## 58960, 58961. PARKER v. THE STATE (two cases).

BIRDSONG, Judge.

Eric L. Baldwin and Joseph L. Parker were convicted of armed robbery. Baldwin was convicted of two counts, acquitted of one, and sentenced to serve two concurrent terms of twenty years. Parker was convicted of all three counts, and sentenced to serve two concurrent terms of twenty years based upon the two counts for which Baldwin was convicted plus five years, to be served consecutively with the twenty, for the conviction of the third count. Baldwin brings a separate appeal (No. 58959) and Parker brings an appeal through counsel (No. 58960) and pro se (No. 58961). Each of the appeals raises the same enumeration of error, that the evidence does not support the convictions. Because all three appeals arise out of the same facts, we have consolidated the three appeals as one. *Held:*

The evidence shows that on October 27, three young, slender, black men entered a mercantile (auto parts) store. One asked for change for a five dollar bill. As the change was taken from the cash register, suddenly one of the men demanded the rest of the money at the point of a pistol. The occupants of the store were required to lie down on the floor. Wallets, a gold ring, and a watch were also removed from persons in the store. Thereafter, the manager was required to go to the back office where an additional $1,200 was taken. The three young men then fled. Four days later in the same general area, a furniture store was entered during the late afternoon by three young, slender, black men wearing described clothes. One placed himself close to the front door, one about midway of the sales floor, and the third near the store manager at the desk and phones. This young man pulled a gun and demanded the "money." Apparently all three of the young men displayed guns. The occupants of the store were required to lie down on the floor. Their wallets were taken, one of which contained about $200 in $20 bills. The three young men then fled the store on foot. An immediate report of this burglary was made and the general description and direction of travel of the robbers was

communicated. Within a few minutes of the armed robbery, at a point less than a mile from the scene, a police officer in a vehicle observed a young black man fitting the general description of the robbers. This person was standing on the crest of an incline in the Bedford-Pines area which area is composed of empty lots resulting from condemnation in contemplation of public housing. The police officer drove his vehicle up an abandoned driveway to the crest of the incline into a patch of kudzu. The young men had fled upon seeing the police vehicle. Upon arriving at the crest of the incline, the officer, whose vehicle became "stuck," observed three young black men running in a group away from the area across the open fields. The officer radioed the direction of travel and general descriptions of the three men. Other officers converged on the scene. The appellant Baldwin was apprehended lying in bushes in the area but close to a building still in use. A pistol described as being similar to one used in the furniture store robbery was found lying on the ground beneath Baldwin's body as were two credit cards belonging to one of the two robbed occupants of the furniture store. The appellant Parker was apprehended nearby. One of the men while running had been observed wearing a dark jacket. When Parker was placed in a police vehicle after his arrest, a dark jacket was placed on top of the police car. Parker asked the officer at that time not to "forget his jacket." The jacket was secured and a search of its pockets revealed yet more of the credit cards and a wallet belonging to one of the robbery victims of the furniture store. Subsequently, a sum of $170 was found on Parker's person. The third individual (one Jackson) also was apprehended. In his possession was found the gold ring and watch belonging to the victim of the October 27th robbery. All three of the suspects were placed in a lineup shortly after their apprehension, and the appellant Parker was positively identified as being one of the armed robbers in both the October 27th and October 31st robberies. Parker was convicted of robbing the two victims in the furniture store and of the robbery on October 27th. Baldwin was found not guilty by the jury of the October 27th robbery but found guilty of the robberies of both victims in the furniture store on October 31st. The

co-defendant Jackson was not tried with Parker and Baldwin.

The only question presented is the sufficiency of the circumstantial evidence to support the verdict. Questions of reasonableness generally are to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict is unsupportable as a matter of law. *Staymate v. State,* 237 Ga. 661 (1) (229 SE2d 421); *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474). The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence. *McConnell v. State,* 235 Ga. 366 (220 SE2d 5); *Jerdine v. State,* 137 Ga. App. 811, 812 (224 SE2d 803). In this case the two appellants offered explanations and alibis for consideration by the jury. Obviously the jurors elected to disbelieve the explanation offered by the appellants and accept the spotlight of guilt focused by the circumstantial evidence. While the verdict of guilt as to each appellant was not demanded, it was not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else, or that it might not, by bare possibility, have been done by another. *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125).

Our review of the evidence in this case convinces us that the verdict of the jury is indeed supportable as a matter of law. We are satisfied that any reasonable trier of fact could rationally have found proof of the essential elements of the crimes beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). It follows that the trial court did not err in denying the motions for new trial based upon the general grounds and that the enumerations of error in relation thereto are without merit.

*Judgments affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 20, 1979 — DECIDED JANUARY 9, 1980.

*Eric Welch,* for appellant (Case No. 58959).
*Vernon S. Pitts, Jr.,* for appellant (Case No. 58960).
Joseph L. Parker, Jr., *pro se.*
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Savannah L. Potter, Assistant District Attorneys,* for appellee.