## 60619. CARTER v. THE STATE.

BIRDSONG, Judge.

Montinious A. Carter was convicted of the armed robbery of a convenience store and sentenced to serve 16 years. He brings this appeal, enumerating as his sole error the denial of a motion for new trial upon the general grounds. *Held:*

The evidence shows that Carter and another entered a Stop and Go store in Fulton County at about 2:30 a.m. and purchased a container of orange juice. The sole occupant in the store was the night manager. A few minutes later the same two men entered the store and this time each produced a pistol and announced a holdup. The night manager was forced to lie down on the floor of the cooler but when the robbers could not open the cash register, Carter came into the cooler and made the manager come to the register and open it. Thereafter, the manager was placed back in the cooler and the contents of the register as well as other cash and money orders were taken. The two men fled. Approximately a month later, the manager was shown a group of six photographs and immediately picked out the picture of Carter. At a subsequent line up at which an attorney was present, the manager again picked out Carter as being one of the men who robbed him. There was testimony that the manager had ample opportunity to view the robbers in good light and because of the fear engendered by having a gun pointed at him, Carter's visage was indelibly impressed upon his memory. Carter offered evidence through his stepfather and his own sworn testimony that he (Carter) was at home asleep on the night of the robbery.

The jury returned a verdict of guilty. Since the defendant seeks a reversal on his conviction on appeal by arguing that the trial court erred in denying a motion for new trial on the general grounds, the only question presenting itself to the appellate court is whether there is evidence to support the verdict. *Bethay v. State,* 235 Ga. 371 (219

SE2d 743). It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. *Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894); *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). Under the facts of this case, any rational trier of fact reasonably could have found proof of the essential elements of the crime charged beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 10, 1980 — DECIDED OCTOBER 6, 1980.

*Michael E. Hancock,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.