## 64396. BROWN v. THE STATE.

BIRDSONG, Judge.

Anthony L. Brown was convicted of burglary and theft of an automobile. He was sentenced to serve twenty years for the burglary and five years on probation for the auto theft to be consecutive to the burglary sentence. Brown appeals the verdict and sentence on the sole ground that the verdict was not supported by the evidence. *Held:*

This is a purely circumstantial case. The evidence unequivocally shows that Anthony Brown drove an identified Capri automobile on the night of the burglary. On that night, a jewelry store in Arlington, Georgia was broken into and a number of Timex watches stolen. Found within one of the broken display cases was an empty Timex watch case on the bottom of which was found an identifiable fingerprint of Anthony L. Brown. Several miles from Arlington, on the morning following the burglary, the car operated by Brown was found alongside the road with a blowout and the tire in shreds. About a half mile away from the abandoned Capri near Leary, Georgia was a business called Jordan Farms. There a person made an attempt to hot wire a car unsuccessfully, to start a truck which would not start because of a malfunction in the starter, and then successfully stole a pickup truck. Found at the scene of the auto theft were tennis shoe prints in soft sand which were identical to the prints made by shoes worn by Anthony L. Brown at the time of his arrest. Found in the Capri was one Timex watch case, two other cases were found in a small canal several feet from the Capri, and several other cases were found between the Capri and the canal.

A couple of days after the burglary and the finding of the Capri by the police, Anthony Brown's girlfriend, at his request, called the police and informed them that she was looking for the Capri. Brown had told his girlfriend that he had had a flat tire near Leary and had come the rest of the way in a truck that he had obtained at Leary. The stolen truck was found at the corner of Davis and Tift Streets in Albany. Brown resided on Tift Street in Albany. In a statement to police, Brown denied ever having been in a jewelry store in Arlington or having been a part of the burglary or theft of a pickup truck.

While the verdict of guilty was not demanded, it was not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else, or that it might not, by bare possibility, have been committed by another. *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125). Questions of reasonableness are generally to be decided by a jury and if the jury is authorized by the evidence to find appellant guilty, the appellate court will not disturb the finding, unless the verdict of guilty is unsupported as a matter of law. *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643). After a review of the matters presented to the jury and available for their consideration, we find that a reasonable trier of fact could rationally have found from that evidence proof of guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 16, 1982.

*Willis A. Duvall,* for appellant.
*Gilbert J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney,* for appellee.