having seen Bell before the robbery and Bell admitted having been in the store only a few days earlier. Bell gave several conflicting statements as to his activities on the day of the robbery but offered evidence which if believed would have conclusively established, by alibi, the impossibility of his presence at the scene of the crime.

This court passes only on the sufficiency of the evidence, not its weight, to support a verdict of guilty, and in performing that duty, we must examine the evidence in a light most favorable toward the support of that verdict. *Smith v. State,* 245 Ga. 44, 46 (262 SE2d 806). Although the evidence was in conflict on the issue, it was for the jury to resolve such conflicts. The jury resolved Bell's presence at the scene in favor of the state, and we as an appellate body will not substitute our judgment for that of the jury. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293). Our view of the evidence convinces us that any rational trier of fact could find beyond reasonable doubt that an armed robbery was committed and that Rickey Bell was its perpetrator. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 6, 1983.

Shelley Davidson, for appellant.

Arthur E. Mallory III, District Attorney, Blanchette C. Holland, Assistant District Attorney, for appellee.

## 66841. HOLDER v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of one count of armed robbery. Appointed counsel for appellant has filed a motion to withdraw pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). In accordance with Anders, counsel has filed a brief raising points of law which arguably could support the appeal. In addition, as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976), we have carefully examined the record and transcript to determine independently if any errors of law occurred. We find that the points raised are without merit and our independent examination discloses no errors requiring reversal. Accordingly, we grant the motion to withdraw and affirm appellant's conviction. After a review of the entire record, we find that any rational trior of fact could reasonably have found from the evidence adduced at trial proof of

appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 6, 1983.

*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellee.

## 66842. BOMAN v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of one count of armed robbery. Appointed counsel for appellant has filed a motion to withdraw pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). In accordance with Anders, counsel has filed a brief raising points of law which arguably could support the appeal. In addition, as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976), we have carefully examined the record and transcript to determine independently if any errors of law occurred. We find that the points raised are without merit and our independent examination discloses no errors requiring reversal. Accordingly, we grant the motion to withdraw and affirm appellant's conviction. After a review of the entire record, we find that any rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 6, 1983.

*Darrell E. Wilson, District Attorney,* for appellee.