## 66956. DUNN v. THE STATE.

SHULMAN, Chief Judge.

This appeal is from appellant's conviction of the misdemeanor offense of false report of a crime (OCGA § 16-10-26 (Code Ann. § 26-2509)). In two enumerations of error, appellant raises the general grounds and the trial court's denial of her motion for a change of venue.

1. The evidence adduced at trial authorized the jury to find as facts the following. Returning home from an assignation with her lover, appellant was confronted by her husband. In an effort to conceal her infidelity, appellant concocted a story in which she was the victim of abduction and sexual abuse at the hands of two young white men in a black car. Enraged by the tale of mistreatment appellant told, her husband left their home carrying a shotgun.

In the course of a police investigation into her husband's fatal shooting of a young white man who drove a black car, appellant repeated for the investigating officer the same fiction she had invented for her husband. The police officer had doubts about appellant's veracity because of certain inconsistencies in her account of the events leading up to the killing. After a voice analysis of appellant's taped statement indicated several instances of deception, the detective arranged for another interview. Eventually, after consultation with an attorney, appellant gave another statement. She claimed that on the day in question she had seen an attorney about getting a divorce. With an excuse about needing to get some papers from home, the attorney lured appellant to his apartment where he began to drink heavily and make sexual advances. Appellant detailed an ordeal in which she was held captive in the attorney's apartment for hours, trying all the while to escape, only to be forcibly dragged back and thrown into a chair. Finally, appellant claimed, she was taken back to where her car was parked and permitted to go home.

That account was the same account appellant gave at trial. On the basis of that testimony, which arguably sets forth a kidnapping, appellant contends that the evidence does not support her conviction for making a false report of a crime since she did, in each version, report a kidnapping, the crime the indictment specified as the offense about which she gave a false report.

There is, however, another version of the story of that evening, one which the jury was authorized to believe and which did not include a kidnapping. The attorney with whom appellant testified she spent that evening testified for the state. His testimony was that

their meeting that day was not for professional reasons but in furtherance of an affair which had been going on for about two weeks. He denied that appellant was lured to his apartment under false pretenses, asserting that she accompanied him there to continue the drinking they had been doing and to engage in sex. Instead of detaining appellant in his apartment by force, the witness said that he merely refused to drive her to her car when she first requested that he do so. His reason for that refusal was that both of them were too intoxicated to drive safely. Two hours later, he testified, he felt sober enough to drive safely and took her to her car.

From the foregoing testimony, a rational finder of fact would be authorized to conclude beyond a reasonable doubt that appellant was guilty of making a false report of a kidnapping. It follows that appellant's conviction was authorized by the evidence, and her enumeration of error on the general grounds is without merit. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

2. Contending that pre-trial newspaper coverage of appellant's prosecution and that of her husband had rendered it impossible for her to be given a fair trial in Clayton County, appellant sought a change of venue. The trial court's denial of that motion is enumerated as error.

"A motion for change of venue lies within the sound discretion of the trial judge." *Dick v. State,* 246 Ga. 697, 700 (273 SE2d 124). It appears from a colloquy between the trial judge and counsel that the trial judge reserved a ruling on appellant's motion until after voir dire of the jury. There being no transcript of that proceeding, we accept the trial court's conclusion that each of the questioned jurors who had read about the case was nonetheless able to decide the case solely on the evidence presented at trial. We find no abuse of the trial court's discretion in denying the motion for a change of venue.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 5, 1983 —
REHEARING DENIED DECEMBER 20, 1983 —

*Joseph M. Todd,* for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellee.