70770, 70771. BROWN v. THE STATE (two cases).
(335 SE2d 160)

BIRDSONG, Presiding Judge.

Lucky Brown, along with his brother, Sammy Brown, was convicted of selling five marijuana cigarettes to an undercover agent on May 4, 1984. He was convicted a second time of selling ten marijuana cigarettes on May 18, 1984, to a second undercover agent, this occasion acting in the absence of his brother. Sentence on the first conviction was deferred until the outcome of the second trial on the day

following the first trial. Upon conviction of the second sale, Lucky Brown was sentenced to concurrent terms of ten years with five to serve and followed by five on probation. His appointed attorney has filed a motion to withdraw as counsel in each case (70770, 70771) pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). In accordance with *Anders*, counsel filed a brief raising points of law which he considered arguably could support an appeal. In addition, as required by *Bethay v. State*, 237 Ga. 625 (229 SE2d 406), we fully examined the record and transcript to determine independently if there were any meritorious errors of law. Counsel, prior to his withdrawal, had raised three potential enumerations. We are in agreement with counsel that the points raised, though persuasively presented, have no merit nor does our independent examination disclose any errors of substance. While we note that Brown complained that his appointed counsel failed to subpoena defense witnesses, this was not raised as error and properly so because Brown did not notify his counsel of these witnesses until the day of trial. We also find the severance of the offenses into separate trials was proper and fully justified in view of the potential prejudice to the co-accused in one case. These additional potential enumerations were abandoned by the failure to raise them on appeal and even if raised would have been wholly lacking in merit. Appellant has offered no objection to this motion, nor additional argument. However, he requested the right to appear properia personna, a power that is one that cannot reasonably be exercised by this court. Therefore, this court granted the counsel's motion to withdraw. In accordance with our responsibilities mandated by *Bethay*, supra, we examined this case on its merits to determine if there were errors which precluded affirmance of the conviction. We found none. Therefore, we were prepared to affirm the conviction (see *Snell v. State*, 246 Ga. 648 (272 SE2d 348)). We were satisfied that the evidence adduced at trial was not only persuasive but certainly sufficient to enable any rational trier of fact to find guilt of the crime charged in each case beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528). However, prior to the issuance of our opinion of affirmance in this case, the appellant Lucky Brown has requested that he be allowed to withdraw his appeal so as to enhance his rights of parole. We will honor that request and order the appeal dismissed as having been withdrawn.

*Appeal dismissed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 16, 1985.

*W. Dennis Mullis*, for appellant.
Lucky Brown, *pro se.*

*James L. Wiggins, District Attorney, Michael T. Solis, Assistant District Attorney*, for appellee.