25402. HIGHTOWER v. THE STATE.

ARGUED SEPTEMBER 11, 1969—DECIDED NOVEMBER 6, 1969.

*Jess Watson, Margaret Hopkins,* for appellant.

*Lewis R. Slaton,* District Attorney, *Tony H. Hight, J. Melvin England, Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Marion O. Gordon, Mathew Robins,* Assistant Attorneys General, for appellee.

682

Almand, Chief Justice. Rudolph O. Hightower was indicted and charged with the malicious killing of Daniel F. Cannon, Jr., by shooting him with a pistol on October 31, 1968. Upon his trial, he was found guilty with a recommendation of mercy, and sentenced to life imprisonment. His motion for a new trial upon the general grounds and one special ground was overruled. Notice of appeal was duly filed from the verdict and sentence and from the judgment overruling his motion for a new trial.

■ The court charged the jury as follows: "I further charge you that the defendant enters upon the trial of this case with the presumption of innocence in his favor, and that presumption remains with him throughout the trial, and until and unless the State, by the introduction of evidence in your presence and in your hearing, has satisfied your minds beyond a reasonable doubt as to his guilt." Appellant's second enumeration of error attacks the above quoted charge for the reason that it limits the jury to a consideration of only the State's evidence in determining whether or not the presumption of innocence has been removed. In the brief of counsel for the appellant, it is urged, "to charge that 'unless and until,' or rather, 'until and unless the State, by the introduction of evidence . . . has satisfied your minds beyond a reasonable doubt as to his guilt,' is tantamount to saying that in determining whether or not the presumption is removed, the jury may in effect ignore any and all evidence presented by the defense, may consider as negligible the defendant's statement, and may disregard any evidence favorable to the defendant which arises from the State's evidence. The charge, as given, was not erroneous, but was in line with instructions previously upheld by this court. *Cady v. State,* 198 Ga. 99 (16) (31 SE2d 38). This instruction, by limiting the removal of the presumption to the introduction of evidence by the State, was favorable and not harmful to the appellant. See *Aiken v. State,* 170 Ga. 895 (4) (154 SE 368).

■ The court instructed the jury, "I further charge you it is for you, the jury, to say whether, under the evidence in this case, the testimony of the witnesses and the facts and circumstances sufficiently identify this defendant as the perpetrator of the crime beyond a reasonable doubt. It is not necessary that the defendant prove that another person committed the offense.

It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether this defendant is in fact the person who committed the crime. In passing on this issue, you would have the right to take into consideration all of the factors previously charged you in regard to the credibility of the witnesses." The third assignment of error is that by this charge, the court expressed an opinion.

The charge quoted is not subject to this objection.

■ The special ground of the motion for new trial alleges that the court erred in failing to rebuke counsel for the State for improper argument to the jury. The matters which counsel was arguing concerned deductions which he had made from the evidence and were not improper. They did not, therefore, require a rebuke by the court.

■ We have carefully examined the evidence. Though there was no eyewitness to the homicide, the facts and circumstances before the jury were sufficient to support their verdict.

*Judgment affirmed. All the Justices concur.*