## 59399. ESTEP v. THE STATE.

DEEN, Chief Judge.

Michael Estep brings this appeal following his conviction for burglary contending that the trial court erred in denying his motion for a directed verdict because the evidence presented by the state was wholly circumstantial and failed to exclude every reasonable hypothesis save that of his guilt. *Held:*

" 'Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging of the reasonableness of a hypothesis produced by the evidence, or lack of evidence, and the defendant's statement, than is a court of law. However, this court as a court of law, where there appears a hypothesis from the evidence, or from the lack of evidence and the defendant's statement, pointing to the innocence of the accused, and which tested by all human experience is a reasonable one, may declare it so as a matter of law.' " *Harris v.*

*State,* 236 Ga. 242, 244 (223 SE2d 643) (1976). Thus, this court will not disturb the jury's finding of fact unless the verdict of guilty is unsupportable as a matter of law. The trial court errs in refusing to grant a motion for a directed verdict only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973).

In the present case, the victim testified that he returned to his home about 11:30 a.m. on December 13, 1978, and discovered a tan Chevrolet parked beside his house. As he did not recognize the automobile, he wrote down the tag number in a notebook and began to check out the exterior of the house. He did not see anyone on the grounds and could not see anyone inside the house when he walked around a deck surrounding three-fourths of the main floor of the house. After he discovered that one of the glass panels on his garage door was broken out, he got back in his truck and drove next door to telephone the police. After finding no one home at the neighbor's house, he drove his truck out to the road and flagged down a friend who agreed to call the police. While the men were talking, they saw the defendant driving out of victim's driveway at a high rate of speed and decided to block the road in both directions with their trucks. The defendant's vehicle collided in the ditch with the victim's truck when he attempted to get around the roadblock. When the victim demanded to know why Estep was in his house, the defendant denied entering his house, and none of the victim's possessions were found in his vehicle. When the victim returned home, he discovered that the upstairs master bedroom had been ransacked and that many of his personal possessions were piled up on the floor. It was stipulated that the testimony of a witness present in the truck with the victim would be identical to the victim's testimony. The defendant claimed that he had gone down the road to visit his brother who lived about a quarter of a mile from the victim. His brother was not at home so he was headed back toward Newnan. On the way, his brother passed him so he decided to turn around in the victim's driveway. While turning around, he was seized with a sudden urge to relieve himself so he continued down the driveway to the woods, parked his car, and went down to the creek. The defendant denied that he parked his car beside the victim's house or entered the house. Although the creek is about 100 feet behind the victim's house, Estep claims that he did not hear the victim approach the house in his 18' flat-bed truck with attached trailer. A witness from the state crime laboratory testified that he received certain articles of clothing and a rock from the local police and was asked to check for glass particles. No glass particles were

found on the clothing, but particles of windowpane glass were found on the rock. However, traces of red clay and mica were found on the rock and the defendant's clothing. A police officer testified that the rock was found beside the garage door.

While mere presence at the scene of the crime and flight from authority without more are insufficient to support a criminal conviction (*Denham v. State,* 144 Ga. App. 373 (241 SE2d 295) (1977)), the facts in this case are sufficient to support a jury verdict. The rock with clay and mica on it, and the same type of soil on defendant's gloves and clothing, the fact that when the defendant turned out of the victim's driveway he was going towards Newnan and not towards his brother's house, and his acceleration at a high rate of speed and driving into the ditch in an attempt to avoid the victim's truck are all evidence to support the jury verdict.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED FEBRUARY 6, 1980 — DECIDED MARCH 13, 1980.

*Steven E. Fanning,* for appellant.

*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.