64714. TENNER v. THE STATE.

BIRDSONG, Judge.
James Tenner was convicted of the armed robbery of a convenience store and sentenced to serve ten years. He brings this appeal enumerating as his sole error the insufficiency of the evidence to support the jury's verdict of guilty. *Held:*

The evidence shows that Tenner and his wife lived in the Stiles Motel for six or eight months and then moved. Several months later, Tenner returned alone and rented Room 25. A couple of days later two friends, Washington and Grant, came and rented Room 23. That same night, Washington and Grant wearing distinctive shoes and clothing robbed a convenience store across the street from the motel.

Police found tracks of shoes worn by Washington and Grant leading from the store to Room 23 and then to Room 25. One of the armed robbers was wearing a long green raincoat, apparently under which the rifle used in the robbery was hidden. The raincoat and rifle were found in Room 23. During the robbery, 5 rolls of pennies were stolen. When the officers followed the steps to Room 25, they knocked on the door and it was answered by Tenner. He stated he was alone but he agreed to allow the officers into the room. As soon as the door was opened, Grant was seen sitting on the edge of the bed. Further search disclosed Washington in the bathroom. Under Tenner's bed were found the five rolls of pennies. Tenner first said the pennies were given to him because he was owed money. Then he amended his statement to admit he knew that Washington and Grant were going to rob the store but he tried to talk them out of it. After the robbery, which he admitted he knew had occurred, he was given the five rolls of pennies.

Tenner's guilt is established wholly by circumstantial evidence. However, the state is entitled to argue and rely on all reasonable inferences which can be drawn from the evidence. *Garcia v. State,* 240 Ga. 796, 800 (3) (242 SE2d 588); *Hightower v. State,* 225 Ga. 681 (3) (171 SE2d 148). Reasonable inferences that can be drawn from the evidence are that Tenner lived next to the convenience store for six months with his wife and then moved. Several months later he alone came back to the motel. It could be inferred reasonably that a couple of days later, after Tenner had a chance to get a lay of the land, he notified his two compatriots, Grant and Washington. After Grant and Washington arrived and checked in, Tenner conferred with them. Grant and Washington then robbed the store and returned to their room, hid the coat and rifle in Room 23 and proceeded to Room 25 where they began to split the proceeds. Before this was completed, the police arrived.

Though Tenner's explanation would have been a reasonable and plausible one, he lost the value of his explanation when he was first confronted by the police by claiming first that he was alone when both the actual robbers were in his room and secondly, by claiming ownership of the stolen rolls of pennies, then explaining that ownership by saying one of the robbers owed him money and then later saying that one of the robbers gave him the pennies after the robbery. The jury in the exercise of its powers, rejected the explanation offered by Tenner and accepted that offered by the state.

Whether in a given case circumstances are sufficient to exclude every reasonable hypothesis except guilt of appellant ordinarily is a jury question. An appellate court has no yardstick by which to determine what in a given case is a reasonable hypothesis except to

rely on the informed and weighed conclusions of twelve intelligent jurors. These jurors observed and heard the witnesses and are best qualified to judge the reasonableness of an hypothesis raised by evidence or its lack than is this court which is restricted to issues of law. As a court of law, this court can accept an hypothesis reasonably raised by the evidence or lack thereof which points to the guilt (or innocence) of the defendant, which tested by human experience is a reasonable one, and so declare it as a matter of law. *Estep v. State,* 154 Ga. App. 1 (267 SE2d 314). We conclude there is sufficient implicatory evidence in this case to support the jury's verdict of guilty beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). Accordingly, we find no merit in the argument contending an insufficiency of evidence to support the conviction.

*Judgment affirmed. Shulman, C. J, Deen, P. J., Quillian, P. J., and McMurray, P. J., concur. Banke, Carley, Sognier and Pope, JJ., dissent.*

DECIDED MARCH 7, 1983.

*Curtis R. Boren,* for appellant.
*J. Lane Johnston, District Attorney, N. Jackson Cotney, Jr., Assistant District Attorney,* for appellee.

BANKE, Judge, dissenting.
Although Tenner's acceptance of the five rolls of pennies and his attempt to hide Washington and Grant in his motel room might have supported convictions for theft by receiving stolen property (OCGA § 16-8-7 (Code Ann. § 26-1806)) and hindering the apprehension of a criminal (OCGA § 16-10-50 (Code Ann. § 26-2503)), there is no evidence from which it may reasonably be inferred that he directly participated in the planning or execution of the robbery or that he was otherwise concerned in its commission pursuant to OCGA § 16-2-20 (Code Ann. § 26-801). In particular, there is no evidence to support the majority's speculation that Tenner cased the store and notified Grant and Washington to come to the motel or that he conferred with them in any sort of advisory capacity before the crime was committed. Although it is undisputed that Grant and Washington revealed their plans to Tenner ahead of time, all of the evidence, including the state's evidence, is to the effect that Tenner tried to dissuade them from going through with it.

"[T]he rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence [must] exclude every reasonable hypothesis except the guilt of the accused. [Cits.] While

we recognize that if there is question of the sufficiency of the circumstantial evidence to support guilt, this is a matter best left to a jury [cit.], this rule does not apply where the verdict of guilty is unsupportable as a matter of law. [Cit.]" *Patterson v. State,* 159 Ga. App. 290, 294 (283 SE2d 294) (1981). I believe the evidence in this case is insufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Tenner was a party to the robbery, and I would consequently reverse his conviction.

I am authorized to state that Judges Carley, Sognier and Pope join in this dissent.