## 67541. BRINSON v. THE STATE.

BIRDSONG, Judge.

Terry Jerome Brinson was convicted of four counts of armed robbery. He was sentenced to ten years with eight to serve and the last two on probation. He brings this appeal enumerating three asserted errors in his trial. *Held*:

1. The first enumeration of error denies the sufficiency of the evidence to support the verdict of guilt. The evidence shows that four soldiers stationed at Fort Benning were walking from a night club to the motel where they were staying the night. The four soldiers were approached by two men who demanded the soldiers surrender their wallets to the holder of a nickel-plated pistol. Two of the four soldiers got a good look at both robbers and the third clearly observed the robber holding the gun. These three soldier victims unequivocally identified the robber holding the gun (one Davis), and two soldiers unequivocally identified the appellant Brinson as the second robber. Each of these two testified that he had an unobstructed view of Brinson; that there was ample light and that each had five to ten minutes during which time they had to observe each of the robbers. A few days later, based upon informer tips, the police presented the four victims with pictures of the two robbers together with three pictures of other possible suspects. Davis and Brinson were picked out as the probable robbers from this photographic display. Subsequently at the preliminary hearing, Brinson and Davis were identified as being the robbers. There was clear evidence that the identification resulted from the sustained exposure during the robbery and no express contention was made that the identifications did not result from that exposure, though there was perhaps a reinforcement of that identification flowing from the pictures and the preliminary hearing. Each of the defendants offered evidence of alibi.

We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Wren v. State*, 57 Ga. App. 641, 644 (196 SE 146). Where the testimony of the state and that of the defendant is in

conflict, the jury is the final arbiter. *Crews v. State*, 133 Ga. App. 764 (213 SE2d 34). Although Brinson raised questions of possible misidentification and alibi, the jury resolved those conflicts against him and in favor of the state. We will not (and particularly not upon a sterile record) substitute our judgment for that of the jury. *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311). After a review of the matters presented to the jury and available for their consideration, we find that as a reasonable trier of fact, it could rationally have found from that evidence proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528).

2. In his second enumeration of error, Brinson complains the state's attorney made prejudicial comments during closing argument, and the trial court erred in denying several motions for mistrial made at that time.

The record reflects five objections made during the argument of the prosecutor. The first related to a comment that the jury did not hear of Davis' alibi evidence at or near the time the state made its opening statement. This resulted in objection. The trial court sustained that objection and chastised the prosecutor for making inappropriate comments. No motion for mistrial was made at that time.

The prosecutor commented upon a defense witness who allegedly violated the sequestration rule by talking with other witnesses after they had testified. The court sustained the objection. Though a motion for mistrial was denied, the court informed the jury it should remember the occurrence in the trial when the prosecutor had objected to the witness testifying because of an alleged violation of the rule of sequestration.

Later during his argument, the prosecutor pointed out to the jury that even though Mrs. Brinson knew of her son's alibi, she never went to the jail or the police protesting his innocence. This went to credibility and did not result in a curtailment of that part of the prosecutor's argument.

The prosecutor argued that a defense witness had testified differently in trial than when the witness was interviewed by the prosecutor. Upon objection, the trial court allowed the argument but limited its consideration by the jury to what had been said on the stand. There was no motion for mistrial.

Lastly, the prosecutor argued that a witness who had been subpoenaed by the defense had been released and not called to testify when it became apparent that the witness would not be supportive of the defendant's alibi testimony. The state argued that the release had been deliberate. Upon objection and motion for mistrial, the court denied the mistrial and chastised the prosecutor, observing that the prosecutor was making many inferential observations.

We do not view these comments with the same dismay as does counsel for appellant. In all but one (the first), there was at least a minimal predicate for the inference and argument thereon. Violations of the rule of sequestration properly allow a comment upon the credibility of a witness. The failure to call a subpoenaed witness who offers contradictory evidence as well as the release of that witness supports a comment upon the witness' absence. Moreover where evidence is subject to attack for lack of credibility (as where a witness may be rehearsed or privy to the testimony of other witnesses or a relative who is aware of an alibi but shows little confidence in it by failing to bring it to official attention until the day of trial), it likewise is subject to comment. Moreover, counsel is permitted, in the sound discretion of the court, to argue all reasonable inferences and deductions which may be drawn from the evidence, however illogical they may seem to the opposite party. *Hightower v. State*, 225 Ga. 681 (3) (171 SE2d 148).

In two of the occasions now offered as error by appellant, although objection was offered, no motion for mistrial was forthcoming. A sustained objection to an improper remark, assuming such, without motion for mistrial, will not constitute grounds for reversal. *Grice v. State*, 224 Ga. 376 (162 SE2d 432). Moreover, when the objection was made to most of the remarks made by the prosecutor, the trial court sustained the objection and chastised the prosecutor or limited the jury's use of the evidence and argument. Under such circumstances, a mistrial was not demanded. *Lenear v. State*, 239 Ga. 617, 619 (12, 13) (238 SE2d 407). We find no harmful error associated with this enumeration.

3. In his last enumeration of error, Brinson argues that there was an irreparable misidentification based upon the photographic lineup and the appellant's subsequent exposure to the victims at the preliminary hearing.

As we view the evidence in this case, the victims identified Brinson because they had the opportunity to observe him for several minutes in bright light under most stressful circumstances of a type indelibly to imprint upon the memory a lasting recollection of the face of an armed robber. There is no suggestion that the photographic display was in and of itself impermissibly suggestive. The only difference suggested between the photographs was that the photo of Brinson reflected a person with a lighter complexion than that in the other pictures. However, it was not disputed that Brinson was light complected. The evidence reflects that every precaution was taken to have an independent identification made by each of the victims without any suggestive comments or gestures by the displaying officers. In view of the entirety of the circumstances surrounding the pretrial and in-trial identification, we find no real likelihood of a misidentification.

*Sherwin v. State*, 234 Ga. 592 (216 SE2d 810); *Talley v. State*, 137 Ga. App. 548, 551 (224 SE2d 455).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 14, 1984.

*H. Haywood Turner III*, for appellant.

*William J. Smith*, District Attorney, *Douglas C. Pullen*, Assistant District Attorney, for appellee.