68247. DAVIS v. THE STATE.

DEEN, Presiding Judge.

The facts of this armed robbery case are set forth in *Brinson v. State,* 170 Ga. App. 297 (316 SE2d 857) (1984), in which this court affirmed the conviction of appellant Davis' co-defendant. Davis, a recidivist, appeals from his conviction and twelve-year sentence, enumerating as error the sufficiency of the evidence and prosecutorial misconduct manifested in allegedly inflammatory and prejudicial remarks during cross-examination and closing argument. *Held:*

Our examination of the entire record in this case, including the trial transcript, reveals that appellant's enumerations of error are without merit. The evidence, consisting primarily of the testimony of multiple eyewitnesses, was sufficient to authorize a rational trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State,* 250 Ga. 805 (301 SE2d 274) (1983); *Conger v. State,* 250 Ga. 867 (301 SE2d 878) (1983).

As to the prosecutor's allegedly prejudicial comments, the transcript reveals that, with one possible exception, the challenged remarks were within the range of comments that may properly be made or inferences that may properly be drawn from the evidence presented at trial. *Hightower v. State,* 225 Ga. 681 (171 SE2d 148) (1969); *Haas v. State,* 146 Ga. App. 729, 730 (247 SE2d 507) (1978), cert. denied 440 U. S. 922. See also *Sherwin v. State,* 234 Ga. 592 (216 SE2d 810) (1975). When the remarks were objected to at trial, the court admonished the prosecutor to move on to a different line of questioning, and the latter complied with the court's instruction. Moreover, the court instructed the jury to confine its deliberations to consideration of the evidence actually given from the stand. *Brinson v. State,* supra; *Grant v. State,* 160 Ga. App. 837, 840 (287 SE2d 681) (1982). As a matter of law, we find no prejudicial error in the proceedings below.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 3, 1984.

*H. Haywood Turner III,* for appellant.

*William J. Smith, District Attorney*, for appellee.