68568. DORSEY v. THE STATE.
(321 SE2d 794)

BIRDSONG, Judge.

This appeal is from appellant's conviction of burglary. In his two enumerations of error, appellant challenges the verdict on the general grounds and the trial court's denial of his motion to suppress.

From the testimony and documentary evidence presented at trial, the jury was authorized to find the following facts. At approximately 3:00 a.m. on March 4, 1982, two police officers observed a 1979 Thunderbird automobile parked in the area of Campbellton and County Line Roads in southwest Atlanta. The testifying officer noted that it was unusual for a car to be parked at that spot at that time; consequently, he noted the license plate number of the car as he passed in his vehicle. The car was occupied by one male and two females. A few minutes later, he again passed by the parked vehicle, which was then occupied only by the two females. After stopping to observe the parked car, the officers left to respond to a call approximately two miles away. While responding to this call, the officers noted an audible alarm at the Winn-Dixie grocery store adjacent to the area in

which the previously-observed vehicle was parked. The officers turned around and transmitted a lookout for the vehicle. As they approached the Winn-Dixie grocery store, they observed the Thunderbird traveling at a high rate of speed at the intersection of Campbellton and County Line Roads. The officers stopped the car and observed two females in the front seat and one male in the back seat. (The testifying officer identified this male as the appellant.) Appellant consented to returning to the scene of the burglary with the officers. The testifying officer saw a freshly bleeding cut on appellant's back and, upon arrival at the Winn-Dixie, saw that the store's glass door had been broken, and some of it was bloodstained. Appellant then consented to a search of the interior of the automobile. However, he denied having possession of the trunk key. The officer then advised both the appellant and his two female companions of their rights. One of the females voluntarily turned the trunk key over to the officer. His search of the trunk revealed 28 cartons of cigarettes bearing the grocery store's name on the stamp. The officer was able to verify that the grocery store was missing cartons of cigarettes. At that time, appellant and his female companions were placed under arrest.

Appellant testified that the automobile he occupied was borrowed from a friend. He stated that the female occupants had the keys to the vehicle because they were using it earlier that evening. *Held*:

1. We have reviewed the entire transcript and conclude that the evidence, when viewed in the light most favorable to upholding the verdict, is more than sufficient to convince any rational juror of appellant's guilt of the offense charged beyond reasonable doubt. *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528). "Whether in a given case circumstances are sufficient to exclude every reasonable hypothesis except guilt of appellant ordinarily is a jury question." *Tenner v. State*, 165 Ga. App. 646, 647 (302 SE2d 405). The circumstantial evidence in this case clearly authorized the jury to conclude that the evidence supported but one reasonable hypothesis, that of the guilt of the accused.

2. Likewise, we find no error in the trial court's denial of appellant's motion to suppress. The evidence showed that the search of the trunk was accomplished pursuant to the consent of the female having custody of the keys to the vehicle. The vehicle was neither owned by appellant nor being driven by appellant at the time it was stopped by the testifying officer. "Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent. . . . [A] warrantless search may be justified not only by the consent of the defendant, but of any third-party who possesses common authority over or some other sufficient relationship to the premises or objects to be inspected." *Dawson v. State*, 166 Ga. App. 199, 201 (303 SE2d

532). The trial court was clearly authorized in this case to find a valid consent search.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1984.

*Christine A. Van Dross,* for appellant.

*Lewis R. Slaton, District Attorney, Jerry W. Baxter, Margaret V. Lines, Joseph J. Drolet, Assistant District Attorneys,* for appellee.