69877. THOMAS v. THE STATE.
(331 SE2d 644)

McMURRAY, Presiding Judge.

The defendant was convicted of robbery by sudden snatching and now appeals from the trial court's denial of his motion for new trial. *Held*:

1. In his first enumeration of error the defendant argues that the weight of the evidence is contrary to the verdict. The State's evidence presented at trial was as follows: On October 25, 1983, Mary Costello was walking with two gentlemen, Robert Olsen and Tom Standard, in downtown Macon at approximately 10:00 p.m., when her pocketbook was snatched by a man who struck her from behind. Robert Olsen chased the assailant and identified him as a black man wearing a white shirt, shorts and running shoes. Another witness, Ralph Murphy, testified that on the night of the crime he observed the victim and two men walking together down the street and about five or ten minutes after they had passed he heard a scream and saw a black male, who he identified as looking very much like the defendant, being chased by a man. Murphy testified that the assailant was carrying a woman's pocketbook which he identified as the victim's. Later that evening, the defendant was arrested by the Macon police after he was seen walking from an area where Ms. Costello's pocketbook was found. The police arrested the defendant because he fit the description of the assailant given by several witnesses to the crime. Upon being searched, $13.57 in cash and a medical alert tag were found in the defendant's pocket. The victim testified that she had between $11 and $14 in her pocketbook when it was stolen and she identified the medical alert tag as the one she had in her pocketbook on the night in

question. The victim recognized the medical alert tag because it indicated that she was allergic to penicillin and she had carried that particular medical alert tag with her for over fifteen years. From these facts and other evidence revealed after a careful review of the transcript, we conclude that the evidence, when viewed in the light most favorable to upholding the verdict, is more than sufficient to convince any rational juror of the defendant's guilt of the offense charged beyond a reasonable doubt. *Dorsey v. State*, 172 Ga. App. 39 (1), 40 (321 SE2d 794); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In his second enumeration of error, the defendant argues that the prosecutor committed error during his closing argument by commenting on the defendant's failure to testify. During his argument the prosecutor stated several times that the evidence was "uncontradicted."

In *Lowe v. State*, 253 Ga. 308, 309 (1) (319 SE2d 834), the Supreme Court of Georgia stated that in *Ranger v. State*, 249 Ga. 315 (290 SE2d 63), "we applied the two-prong test set forth in United States v. Rochan, 563 F2d 1246 (5th Cir. 1977). Under the test, reversal for improper prosecutorial conduct requires a finding that (1) 'the prosecutor's manifest intention was to comment upon the accused's failure to testify' or (2) the comment was 'of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' *Ranger*, supra at 319." In the case sub judice, the prosecutor's comments were not reversible error as they would not necessarily and naturally be construed as an argument on the defendant's failure to testify. In the context of his argument it is apparent that the district attorney was simply commenting on the fact that the defense did not present evidence to refute the State's case, not to point to the conclusion of the defendant's guilt because of his failure to testify. See *Lowe v. State*, 253 Ga. 308, 310, supra, and *Morton v. State*, 168 Ga. App. 18, 19 (3) (308 SE2d 41).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MAY 22, 1985.

*Randall P. Harrison*, for appellant.
*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Assistant District Attorney*, for appellee.