**40**

James E. TENNER, Petitioner,

v.

Tommy **WALLACE**,
**Superintendent, Respondent.**

Civ. A. No. 684–55.

United States District Court,
S.D. Georgia,
Statesboro Division.

July 12, 1985.

Roger A. Baruch, Prisoner Legal Counseling Project, Athens, Ga., for petitioner.

Paula K. Smith, Wm. B. Hill, Jr., Marion O. Gordon, Office of the Atty. Gen., Atlanta, Ga., for respondent.

**1.** Washington and Grant did not testify at peti-

## ORDER

BOWEN, District Judge.

Through his petition for a writ of habeas corpus under 28 U.S.C. § 2254, petitioner James E. Tenner seeks to attack the constitutionality of a judgment of conviction by the Superior Court of Bulloch County, Georgia. For the reasons outlined below, the Court has determined that the writ should issue.

*Procedural and Factual Background*

Petitioner was indicted with J.C. Washington and Alonzo Grant for the January 6, 1982 armed robbery of a convenience store in violation of Ga.Code § 26–1902(a). Prior to trial, petitioner's co-defendants pleaded guilty.[1] After a trial on February 11, 1982, a Bulloch County Superior Court jury found petitioner guilty of armed robbery. The trial judge sentenced petitioner to ten years incarceration. Petitioner appealed his conviction to the Georgia Court of Appeals on the ground of insufficient evidence to support the conviction. In a 5–4 decision, the Court of Appeals affirmed petitioner's conviction. *Tenner v. State*, 165 Ga.App. 646, 302 S.E.2d 405 (1983). In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner claims his armed robbery conviction is constitutionally infirm because the evidence at trial was insufficient to support a guilty verdict. Since petitioner raised the issue on direct appeal, he has exhausted his state remedies. *Buck v. Green*, 743 F.2d 1567, 1569 (11th Cir.1984).

The Georgia Court of Appeals adduced from the evidence the facts of the case:

[t]he evidence shows that Tenner and his wife lived in the Stiles Motel for six or eight months and then moved. Several months later, Tenner returned alone and rented Room 25. A couple of days later two friends, Washington and Grant, came and rented Room 23. That same night, Washington and Grant wearing distinctive shoes and clothing robbed a convenience store across the street from

tioner's trial.

the motel. Police found tracks of shoes worn by Washington and Grant leading from the store to Room 23 and then to Room 25. One of the armed robbers was wearing a long green raincoat, apparently under which the rifle used in the robbery was hidden. The raincoat and rifle were found in Room 23. During the robbery, 5 rolls of pennies were stolen.[2] When the officers followed the steps to Room 25, they knocked on the door and it was answered by Tenner. He stated he was alone but he agreed to allow the officers into the room. As soon as the door was opened, Grant was seen sitting on the edge of the bed. Further search disclosed Washington in the bathroom. Under Tenner's bed were found the five rolls of pennies. Tenner first said the pennies were given to him because he was owed money. Then he amended his statement to admit he knew that Washington and Grant were going to rob the store but he tried to talk them out of it. After the robbery, which he admitted he knew had occurred, he was given the five rolls of pennies.

*Tenner v. State,* 165 Ga.App. at 646–47, 302 S.E.2d at 406.

*Legal Analysis*

■ The due process clause of the fourteenth amendment precludes a state criminal conviction "except upon proof of guilt beyond a reasonable doubt." *Pilon v. Bordenkircher,* 444 U.S. 1, 2, 100 S.Ct. 7, 8, 62 L.Ed.2d 1 (1979), *citing In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). When assessing the constitutional sufficiency of evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (original

emphasis). After making all credibility decisions in favor of the state, *Cosby v. Jones,* 682 F.2d 1373, 1382–83 (11th Cir. 1982), "if the reviewing court is convinced by the evidence *only* that the defendant is more likely than not guilty then the evidence is not sufficient for conviction." *Id.* at 1379 (original emphasis). In other words, "the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt," *Jackson,* 443 U.S. at 324, 99 S.Ct. at 2792; this "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* n. 16. The evidence, however, need not rule out every hypothesis except for guilt beyond a reasonable doubt. *Martin v. Alabama,* 730 F.2d 721, 724 (11th Cir.1984), *citing Jackson,* 443 U.S. at 326, 99 S.Ct. at 2793.

To determine the sufficiency of evidence at petitioner Tenner's trial, therefore, the Court must examine the essential elements of armed robbery under Georgia law. *See Id.* The Georgia statute under which petitioner was indicted provides in part: "[a] person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by the use of an offensive weapon, or any replica, article, or device having the appearance of such a weapon." Ga.Code Ann. § 26–1902(a) (Supp. 1981); Ga.Code Ann. § 16–8–41(a) (1984). Furthermore, Georgia law provides that a person may be convicted of armed robbery if he is a party to the crime as defined in Ga.Code Ann. § 26–801 (1968) (Ga.Code Ann. § 16–2–20 (1984)).[3] The statute provides:

(a) Every person concerned in the commission of a crime is a party thereto and

---

**2.** Approximately $111.00 in currency and coins was taken in the robbery. Respondent's Exhibit No. 1 at 4.

**3.** Under Georgia law, a defendant need not be indicted under this statute before the state may

prove his culpability as a party to a crime. *Wright v. State,* 165 Ga.App. 790, 302 S.E.2d 706 (1983). The 1968 and 1984 versions of the statute are virtually identical.

may be charged with and convicted of commission of the crime.

(b) A person is concerned in the commission of a crime only if he: (1) directly commits the crime; or (2) intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any crime either in fact or because of legal incapacity; or (3) intentionally aids or abets in the commission of the crime; or (4) intentionally advises, encourages, hires, counsels or procures another to commit the crime.

Ga.Code Ann. § 26–801 (1968).[4] *See also* Ga.Code Ann. § 16–2–20 (1984).

▮ The facts of the case clearly indicate that petitioner Tenner did not "directly commit" the armed robbery as defined in Ga.Code Ann. §§ 26–801(b)(1) (1968) and 26–1902(a) (Supp.1981). The Georgia Court of Appeals' recitation of the facts, as noted *supra*, rules out petitioner's direct participation in the robbery. Indeed, the convenience store clerk expressly testified that petitioner was not one of the two bandits. Trial Transcript at 12, 33. Furthermore, the footprints of Grant and Washington led from the robbery site, and the two perpetrators pleaded guilty to the substantive offense. Accordingly, the evidence was insufficient for any rational factfinder to determine guilt beyond a reasonable doubt with respect to Ga.Code §§ 26–1902(a) and 26–801(b)(1).

Georgia Code § 26–801(b)(3),[5] which permits a person to be convicted of a substantive offense when he intentionally "aids or abets" another in the commission of the offense, has been interpreted by the Georgia courts to require either the person's actual or constructive presence at the scene of the crime or his participation in a conspiracy to commit the crime. "Aid or abet," as used in the statute, "should be

given the same meaning as in former Code § 26–501 defining a principal in the second degree as one 'who is present, aiding and abetting the act to be done.'" *Hannah v. State*, 125 Ga.App. 596, 598, 600, 188 S.E.2d 401, 403, 404 (1972). *See also* LaFave and Scott, *Criminal Law* 497–98 (1972). As noted above, no evidence suggests that petitioner was present at the convenience store armed robbery. Additionally, no evidence indicates that he was constructively present as a "lookout."[6] Trial Transcript at 23; *see Kimbro v. State*, 152 Ga.App. 893, 264 S.E.2d 327 (1980); *Simmons v. State*, 129 Ga.App. 107, 198 S.E.2d 718 (1973). *See also* La-Fave, *supra*. The absence of evidence suggesting Tenner's presence at the robbery scene precludes a conviction based on intentional aiding and abetting within the meaning of Ga.Code § 26–801(b)(3), *Hannah, supra*, unless petitioner conspired to commit the robbery. *Shehee v. State*, 167 Ga.App. 542, 307 S.E.2d 54 (1983); *Scott v. State*, 229 Ga. 541, 192 S.E.2d 367 (1972); *Osborn v. State*, 161 Ga.App. 132, 291 S.E.2d 22 (1982).

While an individual who has engaged in a conspiracy may be deemed a party to a crime under § 26–801(b)(3) and (b)(4) *Id.*, the Court has determined that the evidence against Tenner cannot reasonably support an inference beyond a reasonable doubt of the existence of a conspiracy to commit armed robbery. Neither does the evidence reasonably support a conclusion that Tenner intentionally advised, encouraged, hired, counseled or procured another to commit the crime within the meaning of Georgia Code § 26–801(b)(4) (1968). Viewing the evidence in the light most favorable to the prosecution and disbelieving the defense testimony, *Cosby*, 682 F.2d at 1382, we are faced with the following facts. (1) Tenner returned to the Stiles Motel two days before the robbery; he previously had

---

**4.** The jury instruction at petitioner's trial encompassed the elements of this statute. *See* Trial Transcript at 153.

**5.** Subsection (b)(2) clearly is inapposite to the instant case.

**6.** Although the Stiles Motel is located across the street from the convenience store, *Tenner v. State, supra,* the trial transcript indicates that petitioner's room did not face the store. Trial Transcript at 37, 50–51.

lived there for six or eight months and was away several months before returning. (2) Grant's and Washington's footsteps led from the convenience store to their room and then to Tenner's room. (3) Grant and Washington were found in Tenner's room shortly after the robbery, with most of the loot in their pockets. Trial Transcript at 44. (4) Five rolls of pennies that had been taken in the robbery were under Tenner's bed and Tenner claimed ownership of them.[7] (5) Tenner made misstatements to the police officer by initially claiming that the pennies were payment for a debt and by claiming that no one else was in the motel room.[8]

"In reviewing the sufficiency of evidence under *Jackson,* an inference could not establish guilt unless, on the evidence in the case, a rational connection existed between the fact established and the fact inferred." *Turner v. McKaskle,* 721 F.2d 999, 1003 n. 3 (5th Cir.1983). To constitutionally sustain Tenner's conviction, therefore, the aforementioned circumstantial evidence must logically support an inference beyond a reasonable doubt, *Jackson, supra,* that Tenner either conspired to commit the armed robbery, *Scott, supra,* or intentionally advised, encouraged, hired, counseled or procured Washington and Grant to commit the robbery. Ga.Code Ann. § 26–801(b)(4) (1968). The aforementioned evidence simply does not support a logical inference of such intentional conduct. *Turner,* 721 F.2d at 1003–04; *Cosby,* 682 F.2d at 1381–83; *United States v. Henderson,* 693 F.2d 1028 (11th Cir.1982). At most, "the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal support to a theory of guilt and a theory of

innocence of the crime charged." *Cosby,* 682 F.2d at 1383. Consequently, "a reasonable jury must necessarily entertain a reasonable doubt." *Id.*

Although Tenner's acceptance of the five rolls of pennies and his attempt to hide Washington and Grant in his motel room might have supported convictions for theft by receiving stolen property (O.C.G.A. § 16–8–7 (Code Ann. § 26–1806)) and hindering the apprehension of a criminal[9] (O.C.G.A. § 16–10–50 (Code Ann. § 2503)), there is no evidence from which it may reasonably be inferred that he directly participated in the planning or execution of the robbery or that he was otherwise concerned in its commission pursuant to O.C.G.A. § 16–2–20 (Code Ann. § 26–801). In particular, there is no evidence to support the majority's speculation that Tenner cased the store and notified Grant and Washington to come to the motel or that he conferred with them in any sort of advisory capacity before the crime was committed.

*Tenner v. State,* 165 Ga.App. at 648, 302 S.E.2d at 407 (Banke, J., dissenting, joined by Carley, Sognier and Pope, JJ.).

Upon the foregoing review of the trial evidence in the light most favorable to the prosecution, the Court concludes that no rational trier of fact could have found beyond a reasonable doubt the essential elements of Ga.Code Ann. §§ 26–1902(a) (Supp.1981) and 26–801 (1968). *Jackson v. Virginia,* 443 U.S. at 324 n. 16, 99 S.Ct. at 2792 n. 16. Consequently, the Court GRANTS petitioner James E. Tenner's request for a writ of habeas corpus.[10]

■ Since the Court's decision is based upon the insufficiency of evidence to sup-

7. "[T]he inference of participation in the crime drawn from possession of fruits of the crime is to be judged like any other inference, that is, on the strength of that inference in light of the facts of each particular case." *Cosby,* 682 F.2d at 1380.

8. *Cf. Cosby,* 682 F.2d at 1383 n. 19, *citing Holloway v. McElroy,* 632 F.2d 605, 640–41 (5th Cir. 1980) ("inconsistencies in defendant's story do not support the prosecution's case but only discredit the specific points in defendant's testimony").

9. One who hinders the apprehension of a criminal is not considered a "party to a crime" under Ga.Code Ann. § 26–801. *Moore v. State,* 240 Ga. 210, 240 S.E.2d 68 (1977).

10. The Court is acutely concerned with the necessity of finality of criminal convictions. Nevertheless, "[t]he duty of a federal habeas corpus court to appraise a claim that a constitutional error did occur—reflecting as it does the belief that the 'finality' of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so

port the armed robbery conviction, the double jeopardy clause of the fifth amendment precludes petitioner's retrial for the same offense. *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2151, 57 L.Ed.2d 1 (1978); *Turner v. McKaskle,* 721 F.2d at 1004. Nevertheless, as the Court noted above, the facts of this case indicate that petitioner may have committed criminal violations for which he has not been tried. Accordingly, the Court hereby orders respondent to release petitioner James E. Tenner from custody in one hundred twenty (120) days from the date of this order if, by the expiration of the one hundred twenty days, petitioner is not brought to trial for a crime other than armed robbery, as defined in Ga.Code Ann. § 26–1902(a) (Supp.1981) and Ga.Code Ann. § 26–801 (1968) (Ga.Code Ann. § 16–2–20 (1984)).

lightly abjured." *Jackson v. Virginia,* 443 U.S. at 323, 99 S.Ct. at 2791.