## 71452. McKISSIC v. THE STATE.
### (341 SE2d 903)

BENHAM, Judge.

Appellant was convicted of armed robbery and possession of a firearm during the commission of a felony. On appeal he takes issue with the sufficiency of the evidence and several evidentiary rulings made by the trial court.

1. The victim identified appellant as the man who approached her in the parking lot of a fast-food restaurant and demanded her purse. She refused and was resolved to resist him, until he threatened to shoot her if she did not release the pocketbook. The victim realized appellant was armed with a gun and she let go of her purse. She watched her assailant leave the parking lot in a station wagon and took down the license plate number of the vehicle. The victim's husband witnessed his wife's struggle and also identified appellant as the perpetrator. A detective testified that he presented a photographic array of six pictures to the victim and her husband separately, and each of them chose appellant's photo as the one depicting the perpetrator.

Appellant maintains the evidence presents a case of robbery by intimidation or robbery by sudden snatching, not armed robbery. Citing *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974), appellant contends the offensive weapon was used only to intimidate the victim into releasing her grip upon her purse, and argues that such a use of the weapon constituted constructive force and not the actual force necessary for an armed robbery. We emphatically disagree with appellant's interpretation of the law.

OCGA § 16-8-41, defining armed robbery, "clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force)

against another person." *Hicks v. State,* supra at 403. In the case at bar, the taking was effectuated when appellant displayed the weapon to the victim. While appellant's crime may have begun as attempted robbery by intimidation or attempted robbery by sudden snatching, the use of the offensive weapon to effectuate the taking upgraded the offense to armed robbery. Compare *Hicks v. State,* supra. See also *Geter v. State,* 226 Ga. 236 (4) (173 SE2d 680) (1970).

2. Appellant next argues it was improper to convict and sentence him for both armed robbery (OCGA § 16-8-41) and possession of a firearm during the commission of a felony (OCGA § 16-11-106). Appellant's position is totally undermined by the Supreme Court's decision in *Wiley v. State,* 250 Ga. 343 (6) (296 SE2d 714) (1982), where the court found express legislative intent to impose double punishment for conduct which violates both OCGA § 16-11-106 and another felony statute.

3. Appellant claims that a witness for the State improperly placed appellant's character in issue. When asked how he had become aware of appellant's involvement in this case, the investigating detective stated, without objection, that an officer in the fugitive squad had given him appellant's name. When he started to read the note left him by the fugitive squad officer, a hearsay objection was made, and the contents of the note were not read. Appellant now argues that the detective's responses impugned appellant's character and established his criminal propensity. Arguments raised for the first time on appeal cannot be considered. *DePalma v. State,* 228 Ga. 272 (2) (185 SE2d 53) (1971); *134 Baker Street, Inc. v. State,* 172 Ga. App. 738 (5) (324 SE2d 575) (1984).

4. Finally, appellant takes issue with the admission of testimony concerning the identification of appellant from the photo spread. Without citation of authority, appellant asserts that "[a] photo array conducted with only the victim, her husband and a law enforcement officer failed to insure the absence of a suggestive identification." That statement, without more, is not the law. Furthermore, the investigating officer detailed his efforts to insure that the victim and her husband had separate viewings of the photos and the opportunity to make independent identifications. There was not even an intimation that the photographic display in and of itself was impermissibly suggestive. The trial court did not err in permitting the testimony, to which no objection was voiced. See *Brinson v. State,* 170 Ga. App. 297 (3) (316 SE2d 857) (1984).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 24, 1986.

*Margaret H. Earls*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.