## 72194. REEVES v. THE STATE.
### (347 SE2d 260)

McMURRAY, Presiding Judge.

The defendant was convicted of armed robbery in the Superior Court of Bulloch County, Georgia. Defendant's motion for new trial was denied and he now appeals. *Held*:

The defendant contends that the trial court committed error when it permitted the district attorney during closing argument to urge the jurors to contemplate the failure of the accused to testify in his own defense. During closing argument, the district attorney stated: "Don't know. Don't know. He would know. He would know when he was down there . . . Either he was down there between eight o'clock that morning when the robbery was committed when he shows back up at four or five o'clock that Friday afternoon and that is the correct date on there . . . or he was down there the next day . . ." The defendant argues that this comment "focused the mind of the jury on the defendant's failure to testify."

"In *Ranger v. State*, 249 Ga. 315 (3) (290 SE2d 63) (1982), the Supreme Court adopted a two-pronged test to determine if a prosecutorial comment constitutes reversible error. ' "To reverse for improper comment by the prosecutor, we must find one of two things: that 'the prosecutor's manifest intention was to comment upon the accused's failure to testify' or that the remark was 'of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' (Citations omitted.)" ' Id. at 319, quoting *United States v. Rochan*, 563 F2d 1246, 1249 (5th Cir. 1977). In applying this test, the court must consider the context in

which the statement was made in order to determine the manifest intention which prompted it and its natural and necessary impact upon the jury. *United States v. Forrest*, 620 F2d 446, 455 (5th Cir. 1980)." *Hall v. State*, 176 Ga. App. 428, 432 (3) (336 SE2d 291).

When reviewing the district attorney's comment in the context of the case sub judice, we find that the statement was directed to the State's failure to account for the defendant's whereabouts every moment on the day of the armed robbery. The district attorney's comment was not intended, nor could it be "naturally" or "necessarily" construed as a comment on the defendant's failure to testify. Consequently, the trial court did not err in denying the defendant's motion for new trial in this regard. See *Thomas v. State*, 174 Ga. App. 824 (2) (331 SE2d 644).

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 5, 1986 —
REHEARING DENIED JUNE 24, 1986.

*Jack Friday, Christopher Hamilton*, for appellant.
*J. Lane Johnston, Jr., District Attorney*, for appellee.