## 74960. ALLISON v. THE STATE.
### (361 SE2d 271)

BEASLEY, Judge.

Defendant appeals his convictions of aggravated assault, OCGA § 16-5-21, and criminal trespass, OCGA § 16-7-21.

1. The sufficiency of the evidence is questioned and the principal argument is that the any-evidence standard is inappropriate.

On a criminal appeal where the sufficiency of the evidence is raised, either by motion for directed verdict or for new trial, our appellate courts apply the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), which is whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Applying that here, the evidence was sufficient to authorize the convictions. *Daughtry v. State*, 180 Ga. App. 711, 712 (1) (350 SE2d 53) (1986); *M. J. W. v. State*, 133 Ga. App. 350 (1) (210 SE2d 842) (1974).

2. Defendant argues he was deprived of effective assistance of counsel because his oral request for continuance made on the date of

trial was denied. He invokes no specific authority. We therefore only consider whether it was error to deny his motion.

Defense counsel made a speedy trial motion on December 29, 1986, and the case was scheduled on the criminal docket for trial on January 27 but was continued to January 28. On that date defense counsel moved for a continuance contending that he had only a few minutes to interview his client because defendant had just been brought to Columbus from incarceration in Leesburg. The trial court noted that counsel had made no request to have defendant produced prior to trial although he had been charged on November 3, 1986. The trial court overruled the motion but, after striking the jury, recessed trial at 3:35 p.m. until the following day at 9:30 a.m. to allow defense counsel and defendant additional time to prepare. During the trial and after the close of the state's evidence another recess was granted to permit defense counsel to interview his client and prepare further strategy. Defendant did not testify and called no witnesses.

"[M]otions for a continuance predicated on the basis that counsel had not had sufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for a continuance will not be interfered with unless the court has abused its discretion in denying the motion." *Burnett v. State*, 240 Ga. 681, 684 (1) (242 SE2d 79) (1978).

Moreover, an applicant for continuance must show that he used due diligence. Here, a demand for speedy trial was requested but no effort was made to interview defendant. *O'Neal v. State*, 254 Ga. 1, 2 (2) (325 SE2d 759) (1985); *Lucas v. State*, 174 Ga. App. 580 (1) (330 SE2d 792) (1985). On the facts, we find no abuse of discretion. See *Mitchell v. State*, 173 Ga. App. 560, 562 (3) (327 SE2d 537) (1985).

3. Defendant, who introduced no evidence at trial, contends the prosecuting attorney was erroneously permitted to comment upon his failure to testify. During closing argument, the state referred to the fact that evidence of defendant's conduct was uncontradicted. This was commentary on the defense failure to refute the state's case and did not evince a manifest intention to comment on defendant's failure to testify. *Thomas v. State*, 174 Ga. App. 824, 825 (10) (331 SE2d 644) (1985); *Hamilton v. State*, 179 Ga. App. 434, 436 (5) (346 SE2d 881) (1986); *Lowe v. State*, 253 Ga. 308, 309 (1) (319 SE2d 834) (1984).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1987.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assis-*

*tant District Attorney,* for appellee.