## 60626. DAVIS v. THE STATE.

BANKE, Judge.

The appellant was convicted of armed robbery and sentenced to 20 years imprisonment. The state's evidence showed that shortly after dark on October 7, 1979, the appellant slipped up behind the victim and told him to "turn around." The victim saw the "flash of silver-like metal," assumed his assailant was armed, and, on request, handed over his wallet. This took place near the front of the victim's home on 11th Street near Piedmont Avenue in Atlanta. The appellant was captured on 12th Street after a chase by friends of the victim and by a police officer who had been flagged down as he drove by the scene. A butcher knife was found nearby. Over objection, the state introduced evidence that the appellant had robbed one Lanse Hughes at knife point on June 16, 1979, near 12th Street and Piedmont Avenue. The trial court admitted the evidence for purposes of establishing identity, intent, motive, and method of operation. Appellant enumerates this ruling as error and also contends that reversal is required for lack of sufficient evidence. *Held:*

1. "The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible . . ." *Williams v. State,* 152 Ga. 498, 521 (110 SE 286) (1921); *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615) (1952). However, the evidence in this case was admissible as an exception to the general rule in that the crimes were so similar that proof of one tended to prove that the appellant had committed the other. See generally *Pierce v. State,* 240 Ga. 385 (3) (240 SE2d 844) (1977); *State v. Johnson,* 246 Ga. 654 (1980); *Lewis v. State,* 148 Ga. App. 719 (252 SE2d 676) (1979). The two crimes were committed in the same general location, in both cases the perpetrator surprised his victim from behind, and in both cases the evidence supports a finding that a knife was used to persuade the victim to part with his money. The evidence was properly admitted to establish identify, and the

jury was properly instructed not to consider it for any other purpose. The enumeration of error is without merit.

2. Appellant's enumeration of error based on the general grounds is also without merit. We have carefully examined the record and transcript and find that there was sufficient competent evidence to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Turner v. State,* 151 Ga. App. 169 (259 SE2d 171) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 5, 1980 — DECIDED NOVEMBER 19, 1980.

*Vernon S. Pitts, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.