## 61578. TOMMIE v. THE STATE.

QUILLIAN, Chief Judge.

The defendant Robin Tommie, appeals his conviction of two counts of burglary. An accomplice, a teenager, testified that he, the defendant and the defendant's son discussed and agreed "to go out to Dooley's Carpet . . . To get a checkwriting machine." The defendant drove to "Dooley's No. 1" and acted as a lookout while one of the accomplices broke into the building and searched for a checkwriter and some checks. The results were negative and the trio proceeded to "Dooley's No. 2." Defendant's attempt to break in was interrupted by arrival of the police and the teenager ran. The same building was broken into that night and a checkwriter and checks of "Mason Industries" — numbered "219 through 500" were taken.

Defendant cashed Mason Industries check No. 219, in Cleveland, Tennessee on the same day it had been taken. He was found in Alabama but fled before local police could arrest him. He was finally arrested in Florida and returned to Georgia for trial. Following conviction, he brings this appeal. *Held:*

1. This court will not review for legal error any sentence which is within the statutory limits — as in the instant case. *Garrett v. State,*

147 Ga. App. 500 (3) (249 SE2d 315); *Daniels v. State,* 154 Ga. App. 323 (3) (268 SE2d 376). Any question as to excessiveness of a sentence which is within legal limits should be addressed to the sentence review panel, as provided in Code Ann. § 27-2511.1 (Ga. L. 1974, pp. 352, 358; 1977, pp. 1098, 1104).

2. It is contended the trial court "erred in allowing the state's main witness . . . who was one of the Cohorts . . . to give conflicting testimony as to who participated in each activity . . . ." There is no evidence in the record that the defendant's co-conspirator gave conflicting testimony as to the defendant's participation. It is alleged the juvenile offender had previously testified in a preliminary hearing that the defendant "wadn't [sic] there" at the burglary of "Dooley No. 1." This is not supported by the record before us. " 'The burden is on him who asserts error to show it affirmatively by the record' (*Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299)), and this cannot be done 'by evidentiary assertions . . . in enumerations and briefs.' " *Holzmeister v. State,* 156 Ga. App. 94 (1) (274 SE2d 109).

Defendant misperceives the effect of a prior inconsistent statement. The prior statement is admissible for impeachment purposes. Code Ann. § 38-1803 (Code § 38-1803). A pretrial statement does not prohibit trial testimony inconsistent therewith. *Scott v. Powell Paving Co.,* 43 Ga. App. 705 (2) (159 SE 895); see also Green, Ga. Law of Evidence 329, § 133; Agnor's Ga. Evidence 50, § 5-2. This enumeration is without merit.

3. Defendant made a pretrial "Request for Disclosure of Exculpatory Evidence." This "Brady" motion was general in nature except for a request for "any understanding, agreement, contract or promise . . . between the State . . . and any accomplice . . . ."

Nothing relating to the Brady motion is found on the pages cited by the defendant. The motion itself does not show that it was ever ruled on. We must rely on the briefs of counsel for the events surrounding this motion. This we refuse to do. It is well settled and established law that we will not try an issue for the first time on appeal resting on briefs of counsel for evidentiary support. See *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224); *Roach v. State,* 221 Ga. 783 (4), supra; *Holzmeister v. State,* 156 Ga. App. 94 (1), supra.

4. The trial court did not err in failing to grant defendant's Motion in Limine for suppression of Mason Industries check No. 219. The check was stolen from the burglarized building on the night of the burglary and was cashed by the defendant in another state on the afternoon following the night it was stolen. "When property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of

the stolen property by the defendant is a circumstance from which guilt may be inferred." *Humes v. State,* 143 Ga. App. 229 (237 SE2d 704). " 'It is well settled that in a prosecution for the offense of burglary where the State relies upon the defendant's recent possession of goods allegedly stolen or feloniously taken for conviction it is absolutely essential that the identity of the stolen articles be indisputably established.' " *Chester v. State,* 144 Ga. App. 717 (242 SE2d 356). It was established that check No. 219 had been stolen during the burglary, and the defendant was in possession of it on the afternoon following the burglary. Accordingly, it was not error to deny defendant's motion, and to admit the stolen check into evidence. Enumerations of error 7, 8, 11 and 17, are without merit.

5. Although the defendant may have been returned to this state under a warrant alleging an offense other than the one he was subsequently convicted of, "an illegal arrest or detention does not void a subsequent conviction. Gerstein v. Pugh, 420 U. S. 103, 119 (95 SC 854, 43 LE2d 54)." *Seabolt v. Hopper,* 240 Ga. 171, 172 (240 SE2d 57).

6. We find no prejudicial error in the ruling of the trial court directing defendant's counsel to refrain from referring "to the fact that Virgil Mason, the victim in the above styled case, is charged with any criminal offense or is undergoing bankruptcy . . . ." See generally Code Ann. § 38-202 (Code § 38-202); Green, Ga. Law of Evidence 159, § 64. The victim's bankruptcy, or possible bad check offenses have no relevancy to any issue in the case sub judice.

7. The general grounds, the motion for directed verdict, motion for judgment of acquittal, and amended motion for new trial, are without merit. When viewed in the light most favorable to upholding the verdict, as we must do under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), the proven facts were sufficient to enable any rational trier of facts to establish the elements of the offenses charged beyond a reasonable doubt. *Rutledge v. State,* 245 Ga. 768, 769 (267 SE2d 199).

8. Because this court has rendered a decision in this case, defendant's allegation of error as to the trial court's refusal to permit bond pending appeal, is now moot.

9. The charge on flight was authorized by the evidence. Evidence of flight was admissible for submission to the jury as to whether flight of the defendant had been proven, and if so — was due to a sense of guilt or for other reasons. *Byers v. State,* 236 Ga. 599 (2) (225 SE2d 26).

10. We have examined the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1981.

*J. W. Yarbrough,* for appellant.
*Stephen A. Williams, District Attorney, Michael C. Cherof, Assistant District Attorney,* for appellee.