## 61323. PERRY v. THE STATE.

CARLEY, Judge.

Following a jury trial appellant was convicted on two counts of rape and two counts of aggravated sodomy. He appeals from the denial of his amended motion for new trial.

1. Appellant enumerates as error the general grounds contending, primarily, that the state's evidence was insufficient to

prove that he was the perpetrator of the alleged crimes. The evidence adduced at trial showed the following: The two victims shared an apartment. On the evening in question, between the hours of 6:30 p.m. and 7:00 p.m., the victims were in their kitchen preparing dinner when there was a knock at the front door. One of the victims left the kitchen to answer the door and upon so doing encountered a stranger who made certain inquiries regarding someone named "David." The stranger was a black male, approximately 5'7" to 5'8" in height, of slender build, with medium brown skin, plaited hair, moustache and hair on his chin. He was wearing a blue stocking cap, blue shirt, faded blue jeans with topstitched seams down the middle front of the legs and a dark blue waist jacket which was particularly noteworthy because of the pockets that were slanted and stitched with a contrasting red or orange color. After conversing for two or three minutes and being informed that no one named "David" resided in the apartment building, the stranger left. Because this occurrence was perceived by the victims as "weird" and "suspicious," they locked the front door.

Approximately a half hour to forty-five minutes later, a masked man with a gun entered the apartment through the balcony door. This masked man, after binding and blindfolding the victims, raped and sodomized them. Although the assailant was wearing a mask, the victim, who had earlier spoken with and observed the stranger who had appeared at the door, testified that she knew "right away" that the assailant was the same man. She based this testimony upon the fact that the appellant fit the physical description of her assailant, having the same build and height and wearing exactly the same waist jacket with the distinctive pockets and blue jeans with the topstitched seams. The other victim, who had not seen or spoken with the stranger at the door, substantially corroborated her roommate's testimony and also testified that prior to being blindfolded she noticed that the assailant was wearing tennis shoes and that, although blindfolded during the actual rape and sodomy, she could tell the assailant had "some facial hair around his mouth" and that she noticed a "liquor-type" odor on the assailant's breath.

The crimes were reported to the police department at approximately 10:30 p.m. After receiving a description of the assailant, the police apprehended appellant at approximately 10:45 p.m. within two-thirds of a mile from the victims' apartment. He was wearing a knit cap, jacket and jeans, all of which was consistent with the description of the assailant given by the victims. Appellant was also wearing tennis shoes and the odor of alcohol was detected on his breath.

On the day after the attack, appellant was identified from a

photographic lineup as the person who appeared at the victims' front door and inquired about "David." In addition, appellant was selected from a lineup and positively identified in court as the person appearing at the victims' door.

" 'Identity is a question for the trior of fact, and where a witness identifies a defendant (whether the identification be based on the defendant's eyes, clothes, hairline or some intangible factor not capable of description), the credibility of the witness making such identification is not to be decided by this court. [Cits.]' [Cit.]" *Wimberly v. State,* 233 Ga. 386, 387 (211 SE2d 281) (1974); accord, *Tate v. State,* 153 Ga. App. 508, 510 (265 SE2d 818) (1980). " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]" *Dowdy v. State,* 150 Ga. App. 137, 138 (257 SE2d 41) (1979).

The evidence adduced at trial, though largely circumstantial as to the question of identity, supports the verdict of guilty. "It was not necessary for the state to prove that it was impossible for the [offenses charged] to have been committed by anybody else . . ." *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125) (1975). The appellant was placed at the victims' front door approximately forty-five minutes before the assailant entered the victims' apartment through the balcony door. Within minutes after the crimes were reported, appellant was apprehended by the police in the immediate vicinity of the victims' apartment. His physical characteristics—height, build, skin color, facial hair—matched those attributed to the assailant. Appellant's clothing from head to toe matched the description of the assailant's attire. In addition, the smell of alcohol was detected on appellant's breath as was the case with the assailant. Finally, one of the victims presented probative evidence that, in her opinion, appellant was the assailant. *Garrett v. State,* 141 Ga. App. 584 (4) (234 SE2d 161) (1977); *Randall v. State,* 73 Ga. App. 354 (2) (36 SE2d 450) (1945). We are satisfied that any rational trior of fact could reasonably have found from the evidence

for the state adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); Brown v. State, 154 Ga. App. 358 (268 SE2d 731) (1980). It follows that the trial court did not err in denying appellant's motion for new trial based on the general grounds.

2. Appellant enumerates error in the admission, over objection, of testimony concerning his alleged commission of a sexual offense which was separate and distinct from those for which he was being tried. The testimony established that on three separate occasions during the time period September 22-25, 1978 and between the hours of 9:00 p.m. and 1:15 a.m., appellant was observed standing on a street corner masturbating. These alleged acts of public indecency occurred in the general vicinity of the apartment of the victims in the instant case. Appellant denied the commission of these acts.

The general rule is that in a criminal trial evidence which in any manner shows or tends to show that the accused has committed other criminal acts is irrelevant and inadmissible as it tends to place the accused's character into evidence. See Code Ann. § 38-202; Natson v. State, 242 Ga. 618 (1) (250 SE2d 420) (1978). However, there are exceptions to the "other crimes" rule where there is sufficient logical connection between the independent crime and the offense charged so that it can be said that proof of the former tends to prove the latter. Echols v. State, 149 Ga. App. 620 (5) (255 SE2d 92) (1979); French v. State, 237 Ga. 620, 621 (229 SE2d 410) (1976). These exceptions to the general rule "have been liberally extended in cases of sexual crimes. [Cit.]" Shirley v. State, 148 Ga. App. 96, 98 (3) (251 SE2d 57) (1978); McMichen v. State, 62 Ga. App. 50, 53 (7 SE2d 749) (1940).

In the instant case, the identity of the perpetrator was of paramount importance since the assailant wore a mask. There was evidence produced at trial that, during the attack upon the victims, the perpetrator masturbated. We believe that once appellant was identified as the person observed masturbating on the street corner, testimony concerning those prior acts was admissible for the purposes of showing identity and bent of mind of the appellant. State v. Johnson, 246 Ga. 654 (272 SE2d 321) (1980); Jessen v. State, 234 Ga. 791 (3) (218 SE2d 52) (1975). At the time this testimony was offered — and again during the charge — the trial court instructed the jury that this evidence was being admitted and should be considered for limited purposes only, including the identity and state of mind of appellant. The evidence was properly admitted for the limited purposes so stated. Davis v. State, 156 Ga. App. 510 (1) (274 SE2d 848) (1980).

Moreover, this testimony was admissible to rebut appellant's assertion on direct examination that he had no sexual problems. Code

Ann. § 38-1802. *Lumpkin v. State,* 151 Ga. App. 896 (262 SE2d 208) (1979).

For the foregoing reasons we find no error in the admission of the evidence of the separate offenses of public indecency. Therefore, the denial of appellant's motion for mistrial based upon the admission of such evidence was not error. *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30) (1974).

3. Appellant's contention that the court's charge on similar transactions amounted to a judicial comment on the evidence is without merit. " 'To declare the law applicable to a given state of facts, is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial.' [Cits.]" *Coleman v. State,* 137 Ga. App. 689, 691 (4) (224 SE2d 878) (1976); *Davison v. Strickland,* 145 Ga. App. 420 (6) (243 SE2d 705) (1978).

*Judgment affirmed. Deen, P. J., and Banke, J.; concur.*

DECIDED APRIL 23, 1981.

*Stephen M. Friedberg,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, H. Allen Moye, Assistant District Attorneys,* for appellee.