### 38905. ZANT v. NELSON.

JORDAN, Chief Justice.

Nelson was convicted of the murder, aggravated sodomy, and rape of a 6-year-old girl in Chatham Superior Court. He received a death sentence for murder and consecutive life sentences for aggravated sodomy and rape. His convictions and sentences were affirmed on direct appeal; *Nelson v. State,* 247 Ga. 172 (274 SE2d

317) (1981), and certiorari was denied by the U. S. Supreme Court, 102 SC 365, 70 LE2d 192 (1981). Nelson subsequently filed a habeas petition pursuant to which he was granted relief on June 2, 1982.

Both Nelson and the state agree that circumstantial evidence was the basis of the conviction. Consequently, both agree that the state had the burden to prove every element of the crime beyond a reasonable doubt and to exclude every other reasonable hypothesis except guilt. Code Ann. § 38-109.

The relief granted by the habeas court was based on three premises: first, it found that we considered as evidence certain hair sample results which were never introduced into evidence; second, it found that we ruled that for the state to meet its burden, it had to exclude a hypothesis that Nelson's roommate, Alphonso Swinton, could have committed the murder; and third, it found that we ruled that the above hair sample results were necessary to exclude the hypothesis concerning Nelson's roommate. Consequently, the trial court concluded that the convictions could not stand since the evidence necessary for the state to meet its burden had never been made a part of the record.

The hair sample results in question concern forensic tests which compared a hair found on the victim to hair taken from both Nelson and Swinton. The tests comparing Nelson's hair to that found on the victim indicated that the hair on the victim could have come from Nelson, and these tests were introduced into evidence. The tests comparing Swinton's hair with that found on the victim were said to show that the hair on the victim did not come from Swinton. These latter results were never introduced into evidence; instead, the record shows only that remarks concerning those tests were made by the DA, defense counsel, and the judge during a luncheon recess outside the presence of the jury. Both Nelson and the state agree that these results were never introduced.

This Court acknowledges that in the statement of facts and in Division 19 of our opinion on Nelson's direct appeal, *Nelson v. State,* supra, that we erroneously recognized as admitted the tests concerning the comparison between the hair found on the victim and that taken from Swinton's arm. These test results were never in fact admitted into evidence.

This court's reference to Swinton's hair should have been raised on motion for rehearing. His failure to do so by motion for rehearing is not necessarily grounds for habeas corpus relief.

Our discussion of the hair sample results in Division 19 was in response to the technical question of whether these results and other testimony concerning Swinton were admissible. We found the results to be admissible as relevant to the question of whether the state had

excluded the hypothesis that Swinton could have committed the murder. In this division, we ruled, and both parties agree we did so correctly, that for the state to meet its burden of proof it had to exclude the hypothesis that Swinton could have committed the murder. However, we did not rule that the hair sample results were necessary to exclude Swinton; we merely stated that, for this purpose, the comparison of the hair samples was relevant.

Instead, Division 15 of the opinion deals with the question of whether, pursuant to Code Ann. § 38-109, the state excluded every reasonable hypothesis except that of guilt. Division 19 did not deal with this issue. As we recognized that the hair sample results in question had been admitted, we must assume that these results were considered as evidence when we, in Division 15, found that the jury properly found that the state had excluded all reasonable hypotheses except that of guilt. Consequently, we need to again review the record to determine if there is other sufficient evidence to support Nelson's conviction on circumstantial evidence.

The jury, by rendering its verdict, found that the state had excluded all reasonable hypotheses except that of guilty, *Campbell v. State,* 240 Ga. 352 (1) (240 SE2d 828) (1977), and it should be noted that the jury, in making this finding did not have before it the tests comparing Swinton's hair with that found on the victim. On review, the question now becomes whether there is sufficient evidence to support the jury's finding that the state had excluded the hypothesis that Swinton could have committed the murder. See *Harris v. State,* 236 Ga. 242 (1) (223 SE2d 643) and *Sabel v. State,* 248 Ga. 10, 16 (282 SE2d 61) (1981). If there is sufficient evidence, then "the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State,* supra, p. 245.

Though some of the testimony and evidence presented is contradictory (see the statement of facts set forth on the direct appeal, *Nelson v. State,* 247 Ga. 172), "[t]he weight and credibility to be given the testimony of witnesses is in the exclusive province of the jury," *Wallace v. State,* 248 Ga. 255, 259 (282 SE2d 325) (1981), and it must be remembered that in circumstantial evidence cases " 'It is not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else....' " *Anglin v. State,* 244 Ga. 1, 6 (257 SE2d 513) (1979).

We find that the evidence was sufficient for the jury to find that the last time Valerie Armstrong was seen alive she was at Nelson's residence at a time that he was also present; that Swinton had moved out of the residence some five to six weeks prior to the murder and did not subsequently frequent Nelson's residence (Nelson stated that it had been two or three weeks since Swinton had come by); that the

hair found on the victim was consistent with and could have come from Nelson (the state's microanalyst testified that in addition to Nelson at least 120 or more people in the Savannah area could have hair similar to that found on the victim); and that the knife used to kill the victim came from the defendant's home.

After viewing all the evidence in a light most favorable to the prosecution, we find that the evidence is sufficient to have authorized the jury to find that the state excluded the possibility that Swinton would have committed the murder and to have authorized any rational trier of fact to find Nelson guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); Code Ann. § 38-109.

Next, Nelson contends that his due process rights were violated by this Court's consideration of evidence outside the record when affirming his conviction on direct appeal.

Nelson argues that the concept of due process mandates that all evidence used against a defendant shall come from the witness stand in the courtroom so that there can be full protection of his rights of confrontation, of cross-examination, and of counsel. Turner v. Louisiana, 379 U. S. 466, 472 (85 SC 546, 13 LE2d 424) (1965). He argues that if the hair sample results concerning Swinton had somehow been communicated to the jury without affording Nelson the above rights that such conduct would have required his conviction be set aside. Davis v. Alaska, 415 U. S. 308 (94 SC 1105, 39 LE2d 347) (1974); Pointer v. Texas, 380 U. S. 400 (85 SC 1065, 13 LE2d 923) (1965). Although, in this case it was the appellate court, and not the jury, which considered evidence outside the record, Nelson argues that the mistake is nevertheless a constitutional error of great magnitude.

We find no prejudice to the defendant as on appeal we can now disregard the hair sample results concerning Swinton and re-review the record to determine if the jury was authorized to find that the state had met its burden, and Nelson, as he has done, can re-argue the sufficiency of the evidence. By this method, we can assure the defendant of a fair and thorough appellate review of his conviction and sentence.

For this same reason, we find meritless Nelson's contention that this Court violated the Eighth and Fourteenth Amendments by failing to provide the high standards of review demanded by those amendments in death penalty cases.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 28, 1982.

*Michael J. Bowers, Attorney General, Charles E. Brown, Assistant Attorney General, Michael S. Bradley,* for appellant.

*Trotter, Bondurant, Miller & Hishon, Emmet J. Bondurant, Donovon, Leisure, Newton & Irvine, Richard H. Sayler, Allan R. Freedman,* for appellee.