### 70618. MONROE v. THE STATE.
(335 SE2d 736)

Pope, Judge.

Cecil Ray Monroe was tried before a jury and convicted of rape and burglary. He was sentenced to serve twenty years on the rape conviction and twenty years on the burglary conviction with the sentences to run concurrently. He now appeals.

1. Monroe raises the general grounds. The evidence against Monroe was mainly circumstantial and showed that Monroe was living with his brother and sister-in-law in a trailer next door to that of the victim. The victim came home from work at approximately 3:00 a.m.; as she entered her trailer, she was accosted by a black male who had a knife. The man was wearing a hood, a dark cotton mask over his face, as well as a dark jacket. The man forced the victim to go to the back bedroom where he compelled her at knifepoint to disrobe and to have sexual intercourse with him. After threatening to kill the victim, the man left the woman in the bedroom. As she waited in the bedroom, she heard the zipper of her purse being opened. After the assailant had gone, she checked the purse and found four dollars missing.

Later that day, police obtained the consent of Monroe's brother to search the trailer where Monroe lived. In Monroe's bedroom, stuffed between a mattress and a box springs, police found a dark sweatshirt with holes cut into it and tennis shoes. The tread of the tennis shoes appeared to match tracks leading to and from the victim's trailer. Police also found a dark jacket which Monroe's brother

told police belonged to Monroe. At trial Monroe claimed he found the jacket in a ditch near his trailer the morning after the attack. The record indicates that when the State asked Monroe to try the jacket on at trial, it fit. Police also found in the trailer a knife which the victim identified as being very similar to the one her attacker had used. She also identified the dark jacket found in Monroe's room as being very similar to that worn by her attacker. A palm print and a fingerprint taken from the victim's bedroom door knob were identified as identical to Monroe's prints. Monroe's defense was alibi, which was supported by three witnesses and Monroe himself.

Although the evidence against Monroe is circumstantial, and is in conflict, we cannot substitute our judgment for that of the jury. This court is bound to take the evidence most strongly in favor of the jury's verdict. *Mills v. State*, 137 Ga. App. 305 (1) (223 SE2d 498) (1976). "Where the testimony of the [S]tate and the defendant is in conflict, the jury is the final arbiter." *Sims v. State*, 137 Ga. App. 264 (223 SE2d 468) (1976). "The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence. [Cits.]" *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528) (1980). We find that any rational trier of fact could have found Monroe guilty of rape and burglary beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Monroe assigns as error the selection of his jury approximately one week before his trial. When he made this objection known to the trial court, the court questioned the jurors individually as to whether they had talked to anyone about the trial or whether anyone had talked to them about the trial. Each answered negatively to the questions. Thus, though Monroe raises the specter of jury tampering or other impropriety, there is nothing in the record to support such a contention. Where there is no harm, there can be no reversible error. *Seawright v. State*, 172 Ga. App. 517 (2) (323 SE2d 704) (1984).

3. Monroe's contention that the trial court erred in allowing into evidence the knife found in his trailer because the victim did not identify it as *the* weapon used against her, but rather as similar to the knife used by her attacker, is controlled adversely to Monroe by the case of *Duvall v. State*, 238 Ga. 325 (232 SE2d 918) (1977).

4. Finally, Monroe contends that the trial court erred in charging the jury on incriminating statements. It is his position that no incriminating statements were involved in this case. We cannot agree. One of the charges for which Monroe was tried was armed robbery. The jury found him not guilty of that offense. A statement Monroe made to police after his arrest was admitted into evidence. In that statement Monroe said that he had visited the victim in her trailer several

days before the assault occurred with the intention of robbing her but that he had lost his nerve and had not gone through with it. "In an incriminating statement or admission only one or more facts entering into the criminal act is admitted, while in a confession the entire criminal act is confessed. [Cits.]" *Perkins v. State*, 151 Ga. App. 199, 205 (259 SE2d 193) (1979). Intent to commit robbery is an element of the offense of armed robbery. The statement by Monroe certainly could support an inference by the jury of an intent on his part to rob the victim. The cases cited by Monroe are inapposite in that each relates to the court giving a charge on confessions when merely incriminating statements were involved. The trial court did not so charge here. In any case, Monroe was found not guilty by the jury on the count of armed robbery; therefore, even if error had been committed, which we do not find, such error would have been harmless.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 4, 1985.

*Gary A. Sinrich*, for appellant.
*Dupont K. Cheney, District Attorney, Thomas Durden, Assistant District Attorney*, for appellee.