## 76811. REDWINE v. THE STATE.
(373 SE2d 804)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of the offenses of rape and burglary. He appeals from the judgments of conviction and sentences entered on the jury's verdicts.

Appellant enumerates only the general grounds, urging that the evidence, all of which was circumstantial, was not sufficient to exclude every reasonable hypothesis save that of his guilt.

A review of the record reveals the following: The victim could not positively identify appellant as her masked assailant. Appellant did, however, fit the victim's general description of the man who had entered her home and assaulted her. Items taken from the victim's house by the perpetrator were found in appellant's bedroom. A necklace belonging to the victim was turned over to the police by appellant's girl friend. Appellant gave conflicting explanations as to how the victim's property had come into his possession. Both appellant and the victim's assailant were "O"-type secreters, a characteristic of 14.5 percent of the male population in Georgia. A head hair found on a mask believed to have been abandoned by the victim's assailant had a "common origin" with head hair of appellant.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "[T]he term 'hypothesis' refers to 'such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does mean that the act might by bare possibility have been done by somebody else. . . . [Cit.]' [Cit.]" *Holland v. State*, 176 Ga. App. 343 (1) (335 SE2d 739) (1985). " '[I]n order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]' [Cit.]" (Emphasis in original.) *Perry v. State*, 158 Ga. App. 349, 351 (280 SE2d 390) (1981). " '[T]he weight and credibility to be given the testimony of witnesses is in the exclusive province of the jury,' [cit.], and it must be remembered that in circumstantial evidence cases, ' "[i]t is not necessary for the [S]tate to prove that it was impossible for the offense to have been committed by anyone else. . . ." ' [Cit.]" *Zant v. Nelson*,

250 Ga. 152, 154 (296 SE2d 590) (1982).

"The victim's inability to positively identify appellant . . . does not vitiate his convictions in light of the other evidence linking him to the crimes." *McGee v. State*, 173 Ga. App. 604, 605 (1) (327 SE2d 566) (1985). "There is no requirement that a criminal conviction be based upon direct evidence in the form of a positive identification given by a single witness. [Cit.]" *Price v. State*, 180 Ga. App. 215, 216 (3) (348 SE2d 740) (1986). Under the totality of the circumstantial evidence, including appellant's possession of the stolen property, his matching physical appearance to the victim's description of her assailant, and the forensic test results, we find that a rational trior of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983); *Daniel v. State*, 180 Ga. App. 687 (350 SE2d 49) (1986); *Monroe v. State*, 176 Ga. App. 333 (1) (335 SE2d 736) (1985); *Stewart v. State*, 172 Ga. App. 450 (323 SE2d 652) (1984).

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 3, 1988

*Edwin V. Gartin*, for appellant.
*William G. Hamrick, Jr.*, District Attorney, *Agnes McCabe, Randall K. Coggin*, Assistant District Attorneys, for appellee.