A89A0624. RICH v. THE STATE.
A89A0625. PARKS v. THE STATE.
(381 SE2d 567)

MCMURRAY, Presiding Judge.

Defendants Rich and Parks were charged with 10 counts of burglary of various Whitfield County businesses on or about November 14, 1987. Both defendants were convicted of Counts 1 and 2, the burglary of Carpet Wholesale Outlet, Inc., and of Carpets by Sarah Ruth. On Count 3, the burglary of R. T. Carpets, Inc., defendant Rich was convicted while defendant Parks was acquitted. The trial court directed a verdict of acquittal as to both defendants on Counts 4 through 9 and the jury returned a verdict of not guilty as to both defendants on Count 10.

Both defendants appeal their convictions and enumerate as error the denial of their motions for new trial based on the insufficiency of the evidence. Defendant Rich also enumerates as error the admission into evidence of certain of the State's exhibits. *Held*:

1. During the early morning hours of Saturday, November 14, 1987, two officers of the Whitfield County Sheriff's Department were on patrol at approximately 4:00 a.m. when they noticed an automobile at a self-serve car wash near an intersection with an interstate highway. The trunk of the automobile was open and the passenger was doing something (possibly vacuuming) in the trunk. As the deputies watched, the trunk was closed, the passenger got in the automobile, the automobile then left the car wash and turned onto the interstate highway. The deputies followed and, after observing the automobile weave out of its lane of traffic several times, initiated a traffic stop. Defendant Parks was driving and the passenger was defendant Rich.

Defendant Parks identified himself but when asked his passenger's name, gave a false answer. When defendant Rich was asked for identification he produced a hunting license showing his correct name.

Defendant Rich was observed to have a fresh cut on his left hand. The cut was still bleeding and there was no bandage or medication on the hand. When asked about the cut, both defendants told the officers that it had been acquired in a fight in a club in Chattanooga. There was nothing else in defendant Rich's appearance indicating that he

had been in a fight.

After obtaining the consent of defendant Parks, who had identified himself as the owner, the vehicle was searched. In the course of the search the deputies observed two jackets in the backseat of the automobile. One was a heavier overcoat type jacket of brown or tan corduroy with a darker brown lining. The other was a red and white nylon athletic type jacket with Dalton High markings on it. Underneath the jackets were two boxes of candy. The candy was in white boxes with blue lettering on the boxes. The candy was described as being large bars of the type commonly sold for fund raising. Some of the candy was packaged in yellow wrapping and the remainder in white wrapping.

At the time of the traffic stop, the deputies were unaware that several nearby businesses had been burglarized that night. No arrest or citation of defendants was made at that time and they were permitted to continue on their way.

The burglaries, of which defendants were convicted, were discovered when the businesses were next opened. In the instance of Carpets by Sarah Ruth, this was later that Saturday morning. Burglars had gained entrance to this business by breaking a window. Inside, splatters of blood were found on a briefcase and a desk. Cash, postage stamps and two jackets were missing. One of the missing jackets was a red and white nylon Dalton High jacket. The other missing jacket was a three-quarter length, brown corduroy coat.

The burglary at Carpet Wholesale Outlet, Inc., was discovered at approximately 7:15 a.m. that Saturday morning (November 14, 1987) when the manager arrived at the store and saw that the glass in the bottom part of a door was shattered. Nearby lay a lug wrench (tire tool) on which was found a stain of Type B blood. Defendant Rich, along with 15 percent of the population, has Type B blood.

Some change from the money box and two boxes of candy were missing from Carpet Wholesale Outlet, Inc. The missing candy was described as big bars that were sold by some of the "ball teams or something." The manager first testified that he could not remember the color of the candy boxes but later stated, the best he remembered, the candy boxes were gold.

The burglary of R. T. Carpets, Inc., of which only defendant Rich was convicted, was discovered on Monday morning (November 16, 1987) (this business did not open on Saturday). A broken window was found and someone had opened desk drawers and taken approximately $150 from a money box. Fingerprints lifted from the cash box matched those of defendant Rich. The manager of the business testified that defendant Rich had never been employed by the business and that there was no way he could have been in the business premises as a customer and touched the cash box.

" 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' OCGA § 24-4-6. '(T)he term "hypothesis" refers to "such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does mean that the act might by bare possibility have been done by somebody else. . . . (Cit.)" (Cit.)' *Holland v. State*, 176 Ga. App. 343 (1) (335 SE2d 739) (1985). ' "(I)n order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. (Cit.) When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. (Cits.)" (Cit.)' (Emphasis in original.) *Perry v. State*, 158 Ga. App. 349, 351 (280 SE2d 390) (1981). ' "(T)he weight and credibility to be given the testimony of witnesses is in the exclusive province of the jury," (cit.), and it must be remembered that in circumstantial evidence cases, " '(i)t is not necessary for the (S)tate to prove that it was impossible for the offense to have been committed by anyone else. . . .' " (Cit.)' *Zant v. Nelson*, 250 Ga. 152, 154 (296 SE2d 590) (1982)." *Redwine v. State*, 188 Ga. App. 638 (373 SE2d 804).

Under the totality of the circumstantial evidence, we find that a rational trier of fact could reasonably have found proof of defendants' guilt beyond a reasonable doubt of the offenses of which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Redwine v. State*, 188 Ga. App. 638, 639, supra.

In finding the evidence sufficient to authorize defendant's convictions we have not overlooked the principle "that in a burglary prosecution where the state relies upon the defendant's recent possession of allegedly stolen or feloniously taken goods for conviction, it is *absolutely essential* that the identity of stolen articles be *indisputably established. Tommie v. State*, 158 Ga. App. 216, 218 (4) (279 SE2d 510) (1981)." (Emphasis supplied.) *Collins v. State*, 176 Ga. App. 634, 636 (337 SE2d 415). See also *Chester v. State*, 144 Ga. App. 717 (242 SE2d 356). The emphasized language does not impose any additional burden of proof upon the State but is merely an application of the State's burden to prove defendants' guilt beyond a reasonable doubt. See *Rayfield v. State*, 5 Ga. App. 816 (63 SE 920).

Nor does the equivocal testimony given by the manager of Carpet Wholesale Outlet regarding the color of the boxes containing the sto-

len candy bar the convictions on Count 1. The jury could have concluded, as the manager originally testified, that he did not recall the color of the boxes, thus avoiding a contradiction in the evidence as to this fact.

Finally, we note in regard to defendant Rich's conviction on Count 3, the burglary of R. T. Carpets, Inc., that the fingerprint evidence alone was sufficient to authorize the conviction since the fingerprints of defendant Rich were found in the place where the crime was committed and under such circumstances that they could only have been impressed at the time when the crime was committed. However, as there was additional circumstantial evidence of defendant Rich's guilt on Count 3, we properly reviewed this conviction under the general criteria for convictions based on circumstantial evidence as stated in *Redwine v. State*, 188 Ga. App. 638, supra. See in this regard *Mercer v. State*, 169 Ga. App. 723, 725 (1) (314 SE2d 729).

2. Defendant Rich also enumerates as error the admission into evidence of State's Exhibits 29, 30 and 31. These exhibits are candy bars which were identified by the manager of Carpet Wholesale Outlet as being "similar" to those taken in the burglary of that business and never recovered. These exhibits were admissible regardless of whether or not they were identical to the items stolen. *Duvall v. State*, 238 Ga. 325 (232 SE2d 918).

*Judgments affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 12, 1989.

*Ralph M. Hinman*, for appellant (case no. A89A0624).

*Minor, Bell & Neal, J. Tracy Ward, Rickie L. Brown*, for appellant (case no. A89A0625).

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.