## A94A0865. DUNN v. THE STATE.
### (444 SE2d 812)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of burglary. This appeal followed the denial of his motion for new trial. *Held*:

1. Defendant contends the evidence was insufficient to support the jury's verdict.

"The weight to be accorded the evidence is a task for the jury which determines the credibility of witnesses and resolves conflicts in the evidence. This Court does not reweigh the evidence, but determines if it is legally sufficient to enable a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Dobbs v. State*, 199 Ga. App. 793, 795 (406 SE2d 252) (1991)." *Davis v. State*, 203 Ga. App. 227, 228 (2) (416 SE2d 771). In the case sub judice, the victim testified that he was awakened during the early morning hours of March 12, 1993, by a "flashlight, a light coming up underneath [his bedroom] door[; that he] got up and opened the door, and [observed a male intruder] standing at the top of the steps[; that he] kind of yelled, and [the intruder] yelled [and that he] chased [the intruder] down the steps through the living room, out the backdoor." The victim testified that he then "shut the door and called 911 [and reported the crime and informed the police that the intruder was wearing a] light-colored jacket, and a toboggan [and] dark pants." Lieutenant Roy Whitehead of the Athens-Clarke County Police Department testified that he observed defendant in the area of the burglary within less than five minutes after the crime was dispatched; that defendant matched the burglar's reported description; that he called out to defendant and that defendant then "started sort of walking backwards [and] at that point [defendant] said they robbed me, they robbed me." Lieutenant Whitehead testified that defendant was perspiring heavily despite a temperature of about 36 degrees and explained that defendant "got what I call happy feet[, i.e., he] looked like he was getting ready to leave, so I kind of moved on toward him very quickly [and] explained to him that we were there investigating a burglary, and that he matched the description, and would he mind going back . . . for somebody to look at him to get the matter straightened out." Lieutenant Whitehead testified that defendant agreed to return to the crime scene; that he searched defendant and found "a flat-head screwdriver . . ." and "a flashlight" in defendant's pockets and that another officer drove defendant to the crime scene. The victim affirmed that "the person in the police car appear[ed] to be wearing clothing that matched what [he] saw [the burglar wearing earlier that evening]" and positively identified a watch found in the defendant's pocket on the night of the burglary as an item taken during the burglary. This evidence, evidence that defendant attempted to

alter his appearance before the show-up identification and evidence that a screwdriver was apparently used by the burglar to gain entry to the victim's home was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of burglary as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Durden v. State*, 209 Ga. App. 205 (433 SE2d 128).

2. Defendant contends the trial court's charge on the doctrine of recent possession of stolen property was not authorized because it was not indisputably established that the watch found in defendant's pocket on the night of the burglary was the victim's property.

" '[A] burglary prosecution where the state relies upon the defendant's recent possession of allegedly stolen or feloniously taken goods for conviction, it is *absolutely essential* that the identity of stolen articles be *indisputably established. Tommie v. State*, 158 Ga. App. 216, 218 (4) (279 SE2d 510) (1981).' (Emphasis supplied.) *Collins v. State*, 176 Ga. App. 634, 636 (337 SE2d 415). See also *Chester v. State*, 144 Ga. App. 717 (242 SE2d 356). [However, the] emphasized language does not impose any additional burden of proof upon the State but is merely an application of the State's burden to prove defendants' guilt beyond a reasonable doubt. See *Rayfield v. State*, 5 Ga. App. 816 (63 SE 920)." *Rich v. State*, 191 Ga. App. 312 (1), 314 (381 SE2d 567). In the case sub judice, the victim testified on direct examination that the wrist watch found in defendant's pocket on the night of the burglary was his property and that the watch was taken during the burglary. Further, under pressing cross-examination regarding the generic appearance of the watch, the victim testified: "Oh, it's my watch. [DEFENSE COUNSEL]. How can you be positive? A. If you let me put it on, I can — see, that hole right there. That's my wrist. I mean, somebody could have a wrist my same size, but that's my watch. Q. If I tried a watch on and it fit in the same notch there, would that mean that it was [my] watch, then? A. No, no. Q. You can't be positive then it's your watch, just very similar to it. Is that correct? A. Yeah. Q. It's very similar to your watch? A. Yeah. Q. On the back of your window there, there was a screen. Has that screen ever been repaired? A. Not that I know of. Q. Now, what kind of marks are on that window screen that were removed? A. It was just kind of bent at the bottom, you know. Q. Is it still bent at the bottom? A. Yeah. Q. How tall is the bend in that screen? A. When I put it back, I pressed it down. I don't know. It's probably maybe half an inch, I guess, if that much. Q. If that much. Did you fix the screen yourself? A. I, you know, pushed it down as much as I could." This evidence is sufficient to authorize a finding, beyond a reasonable doubt, that the watch taken from defendant's pocket on the night of the burglary was the victim's watch. See *Rich v. State*, 191 Ga. App. 312 (1), 314, supra. Consequently, the charge on the doctrine of recent

possession of stolen property was adjusted to the evidence. The trial court therefore did not err in so charging the jury.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MAY 9, 1994.

*James D. Love*, for appellant.

*Harry N. Gordon*, District Attorney, *Richard L. Dickson*, Assistant District Attorney, for appellee.