A95A0012. MARTIN v. THE STATE.
(453 SE2d 498)

BLACKBURN, Judge.

The appellant, Charles Lee Martin, appeals his conviction of driving under the influence of alcohol following a bench trial. In his sole enumeration of error, he asserts that the evidence was insufficient to support his conviction. We disagree and affirm his conviction.

In lieu of a transcript, the appellate record contains the trial court's summary of the proceedings from recollection in accordance with OCGA § 5-6-41 (g). At trial, Clayton County Police Officer James Scott testified that he was summoned to the apartment complex where Martin resided based upon a complaint that an individual had been seen driving a black automobile within the complex in a reckless manner. Officer Scott could not locate the vehicle during his initial investigation. However, upon his return to the complex approximately 25 minutes later, he discovered such a vehicle.

When the officer questioned Martin about the vehicle, he admitted that he had been driving the vehicle. The officer noticed that Martin was unsteady on his feet and was unable to coordinate his motor and verbal skills. His eyes were bloodshot and a strong odor of alcohol permeated his body and clothing. Martin subsequently submitted to an alco-sensor test, and the test results were positive. However, Martin refused to submit to field sobriety tests and shouted obscenities at the officer. Based upon his observations, Officer Scott opined that Martin had been drinking alcohol to the extent that it was less safe for him to drive.

This evidence was sufficient to authorize the trial court's finding that Martin was guilty beyond a reasonable doubt of operating a moving vehicle while under the influence of alcohol to the extent that it was less safe to drive, in violation of OCGA § 40-6-391 (a) (1). *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979);

*Schoicket v. State*, 211 Ga. App. 636 (440 SE2d 65) (1994). Contrary to Martin's assertions, "[d]riving an automobile while under the influence of alcohol may be shown by circumstantial evidence." (Citations and punctuation omitted.) Id. at 637.

The trial court was authorized to reject Martin's testimony and the testimony of his defense witnesses that he had not been drinking prior to operating the vehicle in light of the officer's testimony as to Martin's noticeably intoxicated appearance approximately 25 to 30 minutes after Martin was admittedly seen driving the vehicle. As the trial court concluded, it is unreasonable to believe that Martin became intoxicated within a period of time of less than 25 minutes prior to the officer's arrival. In a bench trial, the trial court, as the trier of fact, weighs the evidence and determines the credibility of witnesses. *Dunn v. State*, 213 Ga. App. 165 (444 SE2d 812) (1994). The duty of this court is only to determine the legal sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, supra. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 6, 1995.

*Richard D. Hobbs*, for appellant.
*Keith C. Martin, Solicitor, Michael D. Baird, Assistant Solicitor,* for appellee.