A96A0567. STRICKLAND v. THE STATE.
(470 SE2d 508)

RUFFIN, Judge.

Following a bench trial, James Strickland was convicted of being an habitual violator, driving under the influence of alcohol, driving

with an unlawful alcohol concentration, and violation of the open container law, OCGA § 40-6-253. Strickland appeals from the denial of his motion for new trial. For reasons which follow, we affirm.

The evidence showed that police officers William Leonard and Michael Snyder noticed the car Strickland was driving "weaving badly over the roadway." Officer Leonard testified that he stopped Strickland because he was suspicious that Strickland was under the influence of alcohol. Officer Leonard noticed a strong alcoholic odor on Strickland's breath, that his eyes were glassy and bloodshot, and that there was an open container of beer on the front seat of Strickland's car. Strickland's blood alcohol concentration was measured at .19 grams.

Prior to trial, Strickland filed a motion to suppress the evidence obtained after his car was stopped on the ground that the stop was illegal. Strickland waived a jury trial, stipulating that the ruling on his motion to suppress would be dispositive of his guilt or innocence. He further stipulated to the results of the blood alcohol test, the fact that he was intoxicated, and that he was an habitual violator. The trial court denied the motion.

1. Strickland asserts that he did not knowingly waive his right to a jury trial. "When the purported waiver of [the] right [to a jury trial] is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly. . . ." (Punctuation omitted.) *Evans v. State*, 216 Ga. App. 21, 24 (3) (453 SE2d 100) (1995). The State can meet this burden "by showing on the record that the defendant was cognizant of the right being waived. . . ." Id. Inasmuch as Strickland personally stated on the record that he did not want a jury trial and that he was waiving his right to a jury trial, the State met its burden in this case.

Furthermore, although Strickland argues in his brief that the trial court erred because he later withdrew his waiver, he failed to enumerate this as error. "It is the basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal. [Cit.] And, enumerations of error cannot be enlarged by means of statements in the brief of counsel to include issues not made in the enumeration. [Cit.]" *Anfield v. State*, 188 Ga. App. 345, 346 (2) (373 SE2d 51) (1988).

2. Strickland asserts that Officer Leonard lied during his testimony and that the trial court therefore erred in denying his motion to suppress. Strickland argues that when his car was stopped by the officer, he was having an ongoing dispute with another man, Ray Gordon. He contends that Gordon was Officer Leonard's friend and that Officer Leonard pulled him over as a favor to Gordon.

" 'When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the find-

ings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.' [Cit.]" *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995). Construed in this light, Officer Leonard's testimony that he observed Strickland weaving several times over the roadway was sufficient to support the trial court's denial of Strickland's motion. See id. at 609-610.

3. Strickland asserts that the trial court erred in sustaining the State's objection to a question he posed to one of his witnesses. The record shows that Strickland's attorney asked the witness whether Gordon told her that "he knew people" and that he was going to have Strickland arrested. The State objected on the ground that the response being solicited was hearsay.

"Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a). Here, the solicited response would not derive its value solely from the witness's credibility, but would rest mainly on Gordon's veracity and competency. Contrary to Strickland's argument on appeal that he asked the question only to show that Gordon made the statement, the solicited response was offered as proof of the matter asserted; i.e., to prove that Gordon actually did seek to have a law enforcement acquaintance arrest Strickland. "Because the testimony was offered for the truth of the matter asserted therein, it [was] inadmissible hearsay. [Cit.]" *Moclaire v. State*, 215 Ga. App. 360, 363 (4) (451 SE2d 68) (1994). Thus, the trial court did not err in sustaining the State's objection. Id.

4. Strickland asserts that the trial court erred in denying his request to continue the hearing to call other witnesses. However, "[e]ach of the requirements of OCGA § 17-8-25 must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon an absent witness. . . ." (Citation omitted.) *Vaughan v. State*, 210 Ga. App. 381 (1) (436 SE2d 19) (1993). Because Strickland did not make any of the showings required by OCGA § 17-8-25, this enumeration presents nothing for our review. Id.

5. The evidence was sufficient to enable the court, sitting as the trier of fact, to find Strickland guilty of the offenses charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Martin v. State*, 216 Ga. App. 25 (453 SE2d 498) (1995).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED APRIL 5, 1996.

*David E. Morgan III*, for appellant.
*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney*, for appellee.